Milton A. Wiltse, J.
Defendant was convicted in the City Court of Watertown, New York, of the crime of violation of subdivision 5 of section 70 of the Vehicle and Traffic Law before Honorable George Inglehart, Jr., City Judge of Watertown, and a jury; sentence under the judgment of conviction was thereafter imposed by the City Judge.
From the judgment of conviction, the defendant appealed and asks that the conviction be reversed, the information dismissed, and the fine remitted. Reliance for this relief is based by the defendant upon the fact that the Assistant Corporation Counsel of the City of Watertown, rather than the District Attorney, prosecuted the charge; that no proper foundation for receiving opinion evidence of intoxication was laid; that a mistrial should have been granted because of alleged improper statements made by the prosecuting attorney in his summation; and failure of the court to comment on evidence and read applicable law applying to drunken driving in its charge to the jury.
The trial was of short duration. It began at approximately 10:30 in the morning, and was completed in approximately five hours. Four witnesses were sworn by the People.
From their testimony it is found that the defendant was operating a 1949 Dodge truck southerly on Mill Street, in the City of Watertown, in the evening of July 26, 1958, when he collided with a vehicle operated by one Frank La Barge on Mill Street, at or near its intersection with Factory Street in said city; the La Barge ear was also proceeding in a southerly direction, and defendant’s truck came upon and struck same in the rear; that neither driver exhibited any signs of injury from the impact, or required medical attention; that three police officers and the said La Barge stated that the defendant smelled of alcohol, his speech was incoherent, his eyes glassy and bloodshot, he could not stand or walk without assistance, he was *181 slumped over the wheel of his vehicle, and each testified that he was intoxicated.
As to the qualifications of each of said witnesses to give such an opinion, requirements were met as a matter of law, and the jury had a right to consider same, together with all other evidence in the case, and to find the defendant guilty, if satisfied beyond a reasonable doubt that the crime charged was committed.
The Assistant Corporation Counsel had authority to prosecute the charge in the City Court, unless the District Attorney elected to take charge of the same, under his statutory authority so to do. True, the District Attorney is responsible for the prosecution of all crimes committed within the county. That does not estop him from allowing the prosecution of offenses, misdemeanors and violations of city and village ordinances by some other person, although he may assume full and complete control of same at any time he deems it advisable. (People v. Wyner, 207 Misc. 673 and cases therein cited.)
As to the other specifications of error relied upon by the defendant, there appears to be no prejudicial error, or anything present in the record that affected any substantial right of the defendant.
The judgment of conviction is affirmed in all respects.
The District Attorney is respectfully requested to prepare an order to conform with the above and to serve a copy of the same upon counsel for the defendant.