EL PUEBLO DE PUERTO RICO, demandante y recurrido *v.* RAMÓN A. CABRERA OSORIO, acusado y recurrente.

*Número:* 19   *Resuelto:* 8 de diciembre de 1961

*Angel Viera Martínez,* abogado del recurrente; *J. B. Fernández Badillo,* Procurador General y *Arturo Esrella,* Sub-Procurador General, abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández como Presidente de Sala, y los Jueces Asociados Señores Blanco Lugo y Dávila.

PER CURIAM: El recurrente conducía un automóvil poco después de la media noche por la carretera número 2 en el tramo comprendido entre el Puente de la Constitución y el crematorio. La policía notó que el carro que conducía el recurrente iba dando zigzags y observó cuando hizo una virada en forma de "U", cambiando su dirección abruptamente hacia Santurce para luego detenerse en el mismo centro de la carretera. La policía se acercó al automóvil y le pidió las generales de la ley al conductor. El acusado se bajó del automóvil y apenas podía hablar ni mantenerse en pie firme, y daba traspiés. Además de tener un fuerte olor a licor, el recurrente admitió a la policía que había tomado unos tragos. Se negó a que le tomaran una muestra de sangre pero aceptó dar una de orina.

El recurrente fue denunciado por conducir en estado de embriaguez. El Tribunal de Distrito lo condenó y apeló

para ante el Superior que confirmó la sentencia. Sostiene que cuando se le detuvo no estaba cometiendo delito alguno y que siendo por tanto ilegal la detención todo lo que surgió con posterioridad al arresto es inadmisible en su contra. Alega además, que no se estableció la identidad de la muestra que examinó el químico y sobre la que declaró en el juicio, no se demostró que la muestra se tomó dentro del período de dos horas a partir del arresto según lo dispone el estatuto ni que al tomarla se hubieran tomado todas las precauciones necesarias. Alega asimismo que la muestra se tomó a instancias de un magistrado y no de un oficial de orden público, como lo requiere la ley, y que ni acusado ni su representante estuvieron presentes cuando se analizó la muestra de comprobación.

Aparte de lo apuntado mantiene que el Tribunal de Distrito cometió error al resolver la solicitud de enmiendas a la relación del caso sin oir al recurrente.

■ En cuanto a la ilegalidad del arresto concierne no tiene razón el recurrente. La policía tenía derecho a detenerlo y a solicitarle la licencia de conductor. *Pueblo* v. *Sánchez David*, 83 D.P.R. 409 (1961), Ley 279 de 5 de abril de 1946, art. 7, 9 L.P.R.A. sec. 177(n).

■ Consideramos innecesario discutir las cuestiones levantadas por el recurrente relacionadas con la muestra de orina. Lo consideramos innecesario porque los hechos que el juez que presidió la vista del caso determinó probados, los cuales hemos expuesto al principio de esta opinión, son suficientes para sostener la conclusión de que el recurrente estaba conduciendo un automóvil por una vía pública en estado de embriaguez.

Habiendo quedado establecido por el testimonio de la policía que el acusado conducía un vehículo en estado de embriaguez nada añadía la prueba sobre el análisis químico de la orina que se le hizo. Ley 279 de 5 de abril de 1946, art. 13, 9 L.P.R.A. 183 (Sup. 1959). *People* v. *Cavallero*,

2 Cal. Rptr. 687 (1960) y *People* v. *Wyner*, 142 N. Sup.2d 393 (1955).

■ Procede considerar ahora el error que se imputa al juez que presidió la vista, al efecto de que no celebró una audiencia para considerar las enmiendas que propuso el recurrente a la relación del caso.

Dispone la Regla 5 de las que regulan la apelación del Tribunal de Distrito al Superior 4 L.P.R.A. Ap. III Regla 5 que: "[l]as partes podrán presentar objeciones a la relación del caso preparada por el juez dentro de diez (10) días de notificadas por el secretario de su radicación. De radicarse una transcripción de evidencia el juez señalará una vista que se celebrará dentro de los diez (10) días siguientes para la discusión y aprobación de la misma". Como hemos visto la regla no exige una audiencia para que el juez que presida la vista pueda determinar sobre la procedencia de las enmiendas sugeridas por el apelante a la relación de hechos. La vista sólo se requiere para la discusión y aprobación de la transcripción de evidencia.

Ahora como las enmiendas sugeridas aparecen en el expediente ante nos, podemos determinar que el apelante no se hubiera beneficiado si el juez hubiera accedido a incorporar su sugerencia en la relación del caso.

Las enmiendas, dada la disposición que hemos hecho del caso, no afectarían el resultado, salvo la pretensión del recurrente de que el juez determinara que el acusado no conducía el automóvil dando zigzags, contrario a lo que expresamente ya había expuesto. Pero es que el recurrente no objetó la determinación de hechos que aparece en la relación del caso al efecto de que "el acusado apenas podía hablar y al examinarlo le salía un fuerte olor a licor y al bajarse del carro no podía mantenerse en pie firme y daba traspiés". De suerte que, aún si se hubiera eliminado esa parte de la relación del caso donde el juez establecía que el acusado conducía dando zigzags, todavía subsistirían

los hechos transcritos, que claramente demuestran que el acusado estaba en estado de embriaguez cuando conducía el automóvil.

*Se confirmará la sentencia.*