EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARGARITA NAZARIO, acusada y apelante.

*Número:* CR-62-150      *Resuelto:* 25 de enero de 1963

*Héctor Lugo Bougal,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El agente encubierto Nelson Vega Rivera declaró que en dos distintas ocasiones, la acusada Margarita Nazario le vendió un número de bolita en cada ocasión, sin entregarle ninguna constancia escrita de tales operaciones, por lo que fue sentenciada a seis meses de cárcel en cada caso, para cumplirse concurrentemente. En su apelación ante este Tribunal, la acusada señala como único error que la prueba de la acusación era "jurídicamente insuficiente para derrotar la presunción de inocencia que cobija a todo acusado en nuestra jurisdicción". El fundamento de dicho error es que habiéndose contradicho el único testigo del Pueblo, el agente encubierto, en cuanto a un extremo de su declaración, procede aplicar el Art. 524 del Código de Enjuiciamiento Civil de Puerto Rico—32 L.P.R.A. 191, sec. 1679—en la parte que dispone: "un testigo que hubiere faltado a la verdad en una parte de su declaración, deberá ponerse en duda respecto a otras" y al producirse esta duda, la misma debe ser resuelta en favor del acusado.

La contradicción consiste en la versión que durante el interrogatorio directo dió el agente encubierto, en el sentido, que después de la venta a él, la acusada siguió caminando, sin que el agente la viera hablando con más nadie, mientras que en el contrainterrogatorio, al ser confrontado con una

declaración anterior prestada por el agente, éste declaró que después de la venta, la acusada se quedó con un número de personas que había más abajo del sitio de la venta pero que el agente no había oído la conversación de la acusada con las otras personas.

No creemos que la contradicción sea decisiva en cuanto al hecho principal de la venta (*material fact*) como para constituir una excepción a nuestra anterior regla en el caso de *Pueblo* v. *Nieves*, 57 D.P.R. 784 (Del Toro) (1940), cita precisa a las págs. 799, 800 en la cual, refiriéndose al Art. 524 invocado, establecimos lo que se conoce como la regla opcional: "Cuando el testigo falta a la verdad en una parte de su declaración, deberá ponerse en duda el resto de la misma, pero ello no quiere decir que debe rechazarse por completo. El jurado actuará con cautela sabiendo que no camina por terreno firme, pero si en el ejercicio de su discreción se convence de que el resto de la declaración es verdadero, puede tomarlo en consideración para rendir su veredicto. . . 'La máxima "*falsus in uno, falsus in omnibus*", no debe interpretarse como que autoriza a la corte a instruir que si un testigo falta a la verdad respecto de uno o más particulares, el jurado debe rechazar toda su declaración'. *People* v. *Sprague*, 53 Cal. 494." Véase además: *Pueblo* v. *Aletriz*, 85 D.P.R. 646 (Pérez Pimentel) (1962), cita precisa a la pág. 650; 4 A.L.R.2d 1089 (1949); 3 Wharton's *Criminal Evidence*, 454 Sección 972 (decimosegunda edición de The Lawyers Co-Operative Publishing Company).

El hecho que la contradicción se produzca en un caso en el cual la prueba de la acusación sólo consiste en el testimonio del agente encubierto, no varía la situación: *Pueblo* v. *Seda*, 82 D.P.R. 719 (Blanco Lugo) (1961), cita precisa a la pág. 731; *Pueblo* v. *Jaimán Torres*, 86 D.P.R. 700 (1962), cita precisa a la pág. 701.

*Las sentencias deben ser confirmadas.*