El Pueblo de Puerto Rico, demandante y apelado, *v.* Confesora Casiano, acusada y apelante.

*Número:* CR–62–217 *Resuelto:* 27 de febrero de 1963

*Héctor Lugo Bougal,* abogado de la apelante; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: Se imputó a Confesora Casiano una infracción a la Ley de Bolita, consistente en que en Guánica, P. R., el 5 de agosto de 1961, "tenía en posesión y dominio un pedazo de cartón conteniendo números el cual utilizaba dicha acusada en el juego ilegal de la bolita o Boli-Pool." Fue celebrado el juicio, aportándose por cada parte evidencia. La de El Pueblo consistió en el testimonio del policía Nelson Vega Rivera y en su Exhibit 1, que es un cartón conteniendo el número 494-500. La de la defensa consistió en el testimonio de la acusada. Sometido el caso, la Sala de Ponce del Tribunal Superior la declaró culpable y le impuso una pena de seis meses de cárcel.

En apelación se señala y discute como único error la insuficiencia del testimonio del policía Vega Rivera porque "no tuvo el efecto legal de superar los principios constitucionales de presunción de inocencia y duda razonable, vigentes . . . ." La posición de la apelante, resumida, es que la declaración de ese policía está tan plagada de vacilaciones y de innumerables expresiones de que "no recuerda", que no debió merecerle crédito al Juez sentenciador.

■ Hemos examinado con cuidado el testimonio oral de ese policía. En verdad que, en la parte de la repregunta, se sitúa el agente declarante en una posición tal de autodefensa respecto al insistente y fuerte contrainterrogatorio del letrado de la apelante, que gran parte de sus contestaciones en la repregunta resultan claramente evasivas, puesto que del récord se desprende que muchas preguntas pudo haberlas contestado con algo más que con un simple "no me acuerdo." A veces su declaración produce la impresión de un "testimonio en fuga." Por curiosidad hemos contado los automáticos "No me acuerdo", y nos resultaron 53.

Sin embargo, en su examen directo testificó en forma normal, sin evasivas. Declaró conocer a la señora Casiano, la acusada, que en 5 de agosto de 1961, en Guánica "me vendió el número para la bolita 494 por la cantidad de treinta centavos." Lo apuntó en un papel donde tenía otros números, todos para la bolita; después lo apuntó en un pedazo de cartón gris y blanco de la siguiente manera: "el 494 seguido de guión y quinientos a la derecha."

La acusada en su defensa en parte declaró que lo declarado por el agente "es una mentira porque yo nunca he vendido eso"; dijo también que no conocía al agente ni sabía su nombre.

■ El conflicto de evidencia fue resuelto en contra de la acusada–apelante. La parte creída del testimonio del agente, no consistente, desde luego, en los estratégicos "no me acuerdo", evaluada en conjunto, era suficiente en derecho para encontrarla culpable más allá de una duda razonable y para superar la presunción de inocencia. En estas condiciones, la mera actitud de hostilidad que supone esa forma indirecta de negarse a contestar, no la consideramos motivo sustancial para revocar el fallo u ordenar un nuevo juicio.

■ Resolvimos en *Pueblo* v. *Seda*, 82 D.P.R. 719 (1961), *Pueblo* v. *Pérez Méndez*, 83 D.P.R. 228 (1961) y en *Pueblo*

v. *Torres González*, 86 D.P.R. 252 (1962), que el solo testimonio de un agente encubierto puede ser suficiente para probar estos delitos.

*Se confirmará la sentencia apelada.*