EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JORGE LUIS MONROIG RODRÍGUEZ, acusado y apelante.

*Número:* CR–62–290  *Resuelto:* 11 de marzo de 1963

*J. P. Quiñones Rivera,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: Jorge Luis Monroig Rodríguez fue acusado y convicto por una infracción a la Sec. 5-801 de la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 141 de 20 de julio de 1960, 9 L.P.R.A. sec. 1041, consistente en que el día 5 de marzo de 1961 bajo los efectos de bebidas embriagantes conducía y hacía funcionar un vehículo de motor. Se le impuso una condena de treinta días de cárcel y la suspensión de la licencia de conductor por el término de un año.

En apelación, los errores planteados impugnan la suficiencia de la prueba. Resumiremos la prueba a continuación.

Luis Correa Román(¹) declaró que acompañaba al acusado el día 5 de marzo de 1961; que fueron a comer a un restaurant, pero no lo hicieron porque no había comida; que se tomó una cerveza, pero no puede decir cuántas se tomó el apelante; que mientras regresaban a San Juan fueron deslumbrados por un automóvil que se dirigía en dirección opuesta, y que para evitar una colisión el apelante giró y chocó la baranda de un puente. El Sargento Luis G. Colón dijo que vio a Monroig en el cuartel de la policía de Naguabo a donde fue conducido por el Capitán Luis Rivera Morales; que observó que había hecho uso de bebidas embriagantes y con tal motivo ya había sido requerido en su presencia por el Capitán Rivera para que se sometiera al análisis de sangre, a lo que había accedido; que se le instruyó para que

---

(¹) Fue también anunciado como el único testigo de la defensa.

se hiciera cargo del caso, lo cual hizo, conduciendo al apelante al Hospital Municipal de Naguabo a tomarse la muestra. El químico Francisco Román Cruz, quien analizó la muestra, declaró que el resultado fue de .18% de alcohol en la sangre por peso.

El apelante Monroig declaró que para evitar una colisión con otro vehículo que venía en dirección opuesta y que "se me tiró encima con las luces prendidas", desvió el automóvil que conducía y fue a chocar contra la baranda de un puente; que con motivo del accidente se esperó la llegada de la policía; que el Capitán Rivera le ordenó al Sargento Colón que lo llevara a sacarse la sangre; que se le condujo al Hospital Municipal de Naguabo y se le extrajo la muestra; y que se le entregó una de las muestras y una copia del parte de remisión.

En verdad la única prueba que se produjo para establecer el delito fue el resultado del análisis de la muestra que se le tomó al acusado, pues la mera manifestación del Sargento Colón de que "pude observar en él que había hecho uso de bebidas embriagantes" no es más que la expresión de una opinión, sin que se expusieran los hechos que dieron margen a tal juicio. Sin embargo, el inciso (b) (3) de la sección infringida establece claramente que "[s]i al momento del análisis había en la sangre del acusado quince (15) centésimas de uno (1) por ciento, o más, por peso de alcohol, se presumirá que el acusado estaba bajo los efectos de bebidas embriagantes al tiempo de cometerse la alegada infracción." Siendo ello así, correspondía al acusado desvirtuar el efecto de la presunción. Un examen de su declaración revela que falló en hacerlo; es más, no lo intentó siquiera. *Pueblo* v. *Tribunal Superior*, 86 D.P.R. 834 (1963); *Pueblo* v. *Echevarría*, 87 D.P.R. 208 (1963); *Pueblo* v. *Riego Zuñiga*, 87 D.P.R. 584 (1963); cfr. *Pueblo* v. *Soto Cintrón*, 87 D.P.R. 688 (1963); *Pueblo* v. *Comas Sosa*, 87 D.P.R. 674 (1963); y *Pueblo* v. *Hernández Justiniano*, 86 D.P.R. 793 (1962).

Los otros planteamientos del apelante son frívolos.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Humacao, en 11 de septiembre de 1961.*