EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO SOTO CINTRÓN, acusado y apelante.

*Número:* Cr–62–222   *Resuelto:* 11 de marzo de 1963

*José M. Cueto,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Juan A. Faría, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue acusado de una infracción a la Sec. 5-801 de la Ley de Vehículos y Tránsito de Puerto Rico, consistente en que "allá en o para el día 5 de

octubre de 1960 y en Santurce, P. R., . . . ilegal, volunta-
ria, criminal y maliciosamente, conducía o hacía funcionar
el vehículo de motor, Truck . . . estando bajo los efectos
de bebidas embriagantes . . ."

Para sostener la acusación el Fiscal presentó durante
el juicio oral los testimonios del sargento Juan Álamo Pe-
rales, del policía Rafael Mercado Rivera, del Dr. Manuel
López Pons y el de la señora Haydée Fernández.

El sargento Álamo Morales declaró que el día 5 de oc-
tubre de 1960 estaba supervisando a cinco patrullas de uno
de los sectores del Barrio Obrero cuando fue llamado por
el policía Mercado. Se personó a la parada 25½ donde ha-
bía ocurrido un accidente de automóviles; encontró al acu-
sado en la acera y notó "por el modo de conducirse y la for-
ma en que hablaba y el olor que le salía a bebidas embria-
gantes, noté que el hombre había hecho uso de bebidas";
recogió al acusado porque notó que estaba en estado de em-
briaguez, lo llevó al cuartel y de allí ante el Juez de la Sala
de Investigaciones quien ordenó se le tomaran las muestras
de sangre; lo llevó entonces al Hospital Municipal donde el
Dr. Manuel López Pons, sin la oposición del acusado, le ex-
trajo la muestra de sangre.

El policía Rafael Mercado Rivera declaró que el día
5 de octubre de 1960 estaba patrullando la calle Bouret
cuando se encontró que en dicha calle, esquina Ponce de León,
había ocurrido un accidente de automóviles; que había un
truck pequeño parado a la derecha de la avenida y sentado
detrás del guía estaba el acusado; que procedió a llenar los
papeles y notó que al apearse del truck, el acusado no cami-
naba bien; que "al apearse del truck no se apeaba como me
puedo apear yo que estaba bueno y sano; que no caminaba
bien; que se iba hacia los lados; que al pedirle la licencia
le dió un fuerte olor a licor; que el acusado se expresaba
incoherentemente y por el tufo que le dió llamó a su super-
visor por radio-teléfono; que interrogó al acusado y éste le

explicó como ocurrió el accidente admitiendo que el truck era de él y que él era el conductor de dicho vehículo". En la repregunta declaró que lo que el acusado le explicaba era incoherente; que no se entendía muy bien; que se apeó del truck dando tumbos.

El Dr. Manuel López Pons fue el médico que extrajo al acusado la muestra de sangre y explicó el procedimiento que siguió para ello.

La señora Haydée Fernández fue la química que hizo el análisis de la sangre extraída al acusado que dio un resultado de 0.14% de alcohol por peso en la sangre. En la repregunta declaró que la cantidad de alcohol en la sangre de una persona puede afectar sus facultades; que hay personas que pueden embriagarse con .07%, que depende de la tolerancia de la persona; que con 0.15% la persona está en estado de embriaguez y que con menos de 0.15% podría estar o no estar en estado de embriaguez; que eso depende "de los factores como peso, tamaño, estado emocional, estado de salud... Si la persona es una persona que está habituada a beber o no, el contenido de azúcar en la sangre..."

Al terminar el fiscal la presentación de su prueba el acusado solicitó su absolución por insuficiencia de la prueba. La moción fue declarada sin lugar y entonces el acusado sometió el caso. El tribunal le declaró culpable y le impuso una pena de 12 días de cárcel y la suspensión de su licencia de conductor por el término de un año.

En apelación el acusado sostiene que el tribunal sentenciador cometió, como único error, declararle culpable con la prueba desfilada.

No tiene razón. El testimonio de los dos agentes de la policía al efecto de que el acusado despedía un fuerte olor a licor, hablaba incoherentemente, al caminar se iba de lados, dando tumbos, además de la apreciación objetiva de

dicho agente del estado de embriaguez del acusado, sería suficiente para sostener su convicción. *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 392, (1962). Pero el tribunal tuvo ante sí además el resultado del análisis de la muestra de sangre que le fue extraída al acusado, la cual demostró que el contenido de alcohol por peso fue de 0.14%. Esta evidencia, considerada conjuntamente con la demás evidencia que el tribunal tuvo ante sí, era suficiente para establecer que el apelante conducía un vehículo de motor en estado de embriaguez. Sec. 5–801(*b*)(2) de la Ley de Vehículos y Tránsito de Puerto Rico.

*Se confirmará la sentencia apelada.*