EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* IVÁN DE JESÚS MARRERO, acusado y apelante.

*Número:* CR-62-401     *Resuelto:* 25 de abril de 1963

*Gustavo L. Marrero Ledesma,* abogado del apelante; *Rodolfo Cruz Contreras, Procurador General Interino,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto por el Tribunal Superior de una violación de la Ley de Vehículos y Tránsito, Ley Núm. 141 de 20 de julio de 1960, 9 L.P.R.A. sec. 1041, consistente en conducir un automóvil mientras estaba bajo los efectos de bebidas embriagantes. Luego del juicio, al cual compareció el acusado asistido de dos abogados, aquél fue sentenciado a diez días de cárcel y se le suspendió la licencia de conductor por un término de dos años. El término de cárcel a que fue condenado es el mínimo que dispone la ley, 9 L.P.R.A. sec. 1042. La suspensión de la licencia es mandatoria en los casos en que el acusado rehúsa someterse al análisis químico de su aliento, o de su sangre u orina y la prueba revela que el mismo no estuvo justificado al negarse a someterse a dicho análisis químico, 9 L.P.R.A. sec. 1044. En este caso el acusado se negó a someterse a dicho análisis.

El único error señalado por el apelante consiste en que el tribunal sentenciador erró al declararlo culpable a base de la prueba presentada. Hemos examinado la transcripción de evidencia y los alegatos y somos de opinión que

dicho error carece de mérito. La prueba de cargo consistió de las declaraciones de un policía, de un Sargento de la Policía y de un Juez de Distrito. La patrulla de la Policía detuvo al acusado porque observó que el automóvil que éste conducía por la carretera de Río Piedras a Caguas iba dando zigzags. Los agentes de la Policía declararon en forma categórica sobre el estado de embriaguez visible en que el apelante estaba. La prueba de defensa consistió en la declaración del acusado, quien declaró que nunca había tomado licor (T.E. pág. 28) y de una señora o señorita que lo acompañaba y que según la declaración de ambos él la había recogido en un *bar* en la carretera de Río Piedras a Caguas como a eso de las 4:00 de la mañana de la noche de autos. La convicción está ampliamente sostenida por la prueba, según ésta puede apreciarse de la transcripción de evidencia. La declaración del agente que practicó la detención, de merecerle crédito al tribunal, es suficiente para sostener la convicción. Art. 18 de la Ley de Evidencia, 32 L.P.R.A. sec. 1661; *Pueblo* v. *Luccioni Medina*, 86 D.P.R. 551 (1962); *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 392 (1962); *Pueblo* v. *Ordein Sánchez*, 86 D.P.R. 484 (1962); *Pueblo* v. *Cabrera Osorio*, 84 D.P.R. 97 (1961).

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 15 de marzo de 1961.*