EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* NATIVI-DAD CRUZ RIVERA c/p VALDÍN, acusado y apelante.

*Número:* CR-63-2 *Resuelto:* 9 de mayo de 1963

*Guillermo S. Pierluissi*, abogado del apelante; *Rodolfo Cruz Contreras, Procurador General Interino*, y *J. F. Rodríguez Rivera, Procurador General Auxiliar*, abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: El apelante Natividad Cruz Rivera señala la comisión de dos errores en el recurso de apelación que ha interpuesto contra la sentencia de 10 días de cárcel que le fuera impuesta por una infracción a la Sec. 5-801 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 1041.

 1—El primer apuntamiento impugna la negativa del tribunal a quo a ordenar el archivo y sobreseimiento del proceso por no habérsele sometido a juicio dentro del término de 120 días prescrito por el Art. 448 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 1631. Esta causa comenzó con la radicación de la acusación en 3 de noviembre de 1960. La vista fue señalada en varias ocasiones y suspendida unas veces a petición de la defensa y otras a instancias del ministerio público,(¹) hasta que finalmente el juicio se celebró el

---

(¹) Un examen de los autos originales revela el siguiente curso en este caso: 1) señalado para 28 de febrero de 1961—suspendido a petición del fiscal por ausencia del testigo Dr. Ramón Luis Allende; 2) señalado para 16 de marzo de 1961—se declara sin lugar una moción de archivo presentada por el acusado, se permite una enmienda a la acusación para alegar que el acusado conducía el vehículo en una vía pública y se suspende la vista a requerimiento del acusado para darle oportunidad de tramitar un recurso de *certiorari* a los fines de revisar estas resoluciones. (El recurso de *certiorari* fue presentado en este Tribunal bajo el número 2829 y se denegó la expedición del auto en 22 de mayo de 1961); 3) señalado para el 30 de enero de 1962—suspendido a instancias del abogado del acusado por encontrarse éste atendiendo una vista ante otra sección del Tribunal de Primera Instancia; 4) señalado para el 15 de marzo de 1962—suspendido, previa renuncia del acusado de su derecho a juicio rápido, por enfermedad del acusado; 5) señalado para el 25 de abril de 1962—suspendido como resultado de haberse declarado con lugar una solicitud de la defensa para que se ordenara el examen de comprobación de la tercera muestra de sangre tomada al acusado; 6) señalado para el 13 de junio de 1962—suspendido por incomparecencia del testigo de cargo Dr. Ramón L. Allende; 7) señalado para 10 de agosto de 1962—suspendido para el 28 de agosto, fecha en que se celebró la vista.

28 de agosto de 1962. Después de escuchar el testimonio del doctor Ramón Luis Allende, médico que tomó la muestra de sangre, quien explicó a satisfacción del tribunal los motivos de su incomparecencia a las vistas señaladas para el 13 de junio y el 10 de agosto de 1962, el tribunal determinó que había mediado justa causa para la suspensión. No podemos alterar esta resolución del tribunal pues se trataba de un testigo cuyo testimonio era esencial, el Pueblo fue diligente en gestionar su citación y las razones aducidas por dicho testigo justificaban su incomparecencia, *Pueblo* v. *Pérez Suárez*, 83 D.P.R. 371 (1961), y además se trataba de un asunto discrecional del tribunal sentenciador, *Valentín Maldonado* v. *Tribunal Superior*, 86 D.P.R. 474 (1962); *Pueblo* v. *Garay*, 64 D.P.R. 106 (1944).

■ 2—El apelante aduce que el tribunal a quo erró al no admitir en evidencia el resultado del examen de comprobación de la tercera muestra, que se conservaba en el Departamento de Salud. No le asiste la razón. En la moción presentada interesando una orden en ese sentido expresamente alegó que "perdió el recipiente que le fuera entregado conteniendo una muestra de sangre," y así lo reiteró su abogado en el curso del juicio (T.E. pág. 47). Conforme al inciso (f) de la Sec. 5-803 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1043(f), (2) la muestra de sangre tomada al conductor se divide en tres partes: una se entrega al detenido, "para que la envíe a analizar a un químico de su selección," y las otras dos se reservan para el uso del Departamento de Salud, una de ellas para ser usada en el análisis químico que se establece por ley, y la otra, "*para ser analizada únicamente por instrucciones del tribunal, en caso de que existiere discrepancia entre el análisis oficial y el análisis hecho privadamente por instrucciones del acusado.*" No podemos convenir en que se le brinde la oportunidad de un segundo examen al acusado cuan-

---

(2) Véase, el Art. 7 del Reglamento sobre Análisis Químicos, 9 R.&R.P.R. sec. 1043-7.

do no ha establecido la existencia de la discrepancia en los análisis; no basta su mera afirmación de que se le extravió o perdió la muestra que le fue entregada en el acto de la toma.

Por otro lado esta actuación del tribunal no fue perjudicial, pues la evidencia incontrovertida—el apelante sometió el caso sin la presentación de prueba—es suficiente para sostener la convicción. El policía Felipe Rivera declaró que el acusado conducía una guagua por una vía pública de Río Grande dando zigzags; que al pasarle a un vehículo de la policía lo chocó; que le persiguieron y al desmontarse de la guagua el acusado no podía sostenerse en pie, despedía un fuerte olor a licor y le admitió "que se había dado par de palos" (T.E. pág. 18). Este testimonio, creído por el juez que entendió en el caso, establece la comisión del delito. *Pueblo* v. *Gregory*, Per Curiam resuelto en 21 de marzo de 1963; *Pueblo* v. *Soto Cintrón*, 87 D.P.R. 688 (1963); *Pueblo* v. *Monroig Rodríguez*, 87 D.P.R. 655 (1963); *Pueblo* v. *Comas Sosa*, 87 D.P.R. 674 (1963); *Pueblo* v. *Riego Zuñiga*, 87 D.P.R. 584 (1963); *Pueblo* v. *Quiles Morgado*, 87 D.P.R. 491 (1963); *Pueblo* v. *Echevarría*, 87 D.P.R. 208 (1963); *Pueblo* v. *Luccioni Medina*, 86 D.P.R. 551 (1962); *Pueblo* v. *Ordein Sánchez*, 86 D.P.R. 484 (1962); *Pueblo* v. *Cabrera Osorio*, 84 D.P.R. 97 (1961). Cf. *Pueblo* v. *Hernández Justiniano*, 86 D.P.R. 793 (1962) y *Pueblo* v. *Rivera Flores*, 87 D.P.R. 328 (1963).

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 31 agosto de 1962.*