THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. BERNARDO VÉLEZ RUIZ, Defendant and Appellant.

No. CR-63-48.      Decided September 30, 1963.

---

*Francisco Aponte* for appellant. *J. B. Fernández Badillo, Solicitor General, Carlota Capó, Assistant Solicitor General, Rodolfo Cruz Contreras, Deputy Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the court.

The district attorney filed an information against Bernardo Vélez Ruiz for a violation of § 5-801 of the Vehicle and Traffic Law of Puerto Rico, 9 L.P.R.A. § 1041, consisting in driving a motor vehicle on May 17, 1961, while under the influence of intoxicating liquor. The trial was held on

the following October 19. He was found guilty and sentenced to serve three months in jail. He appealed.[1]

The evidence offered by the prosecution was very brief. It consisted of the testimony of Aguedo Pérez Morales and policeman Jesús M. Matos. Pérez testified that on the day stated in the information, at about 1:30 a.m., he noticed a bus which was going zigzag, and swerved towards the left side of the road hitting another vehicle which was parked there, that the bus was driven by defendant, who tried to get out of the car when the collision occurred, but could hardly do so because he was intoxicated; that he did not go to testify before the justice of the peace because, after reporting the collision to the father of the parked car's owner he went home, and it was not until next morning that he went to the judge. Policeman Matos testified that he was called for the investigation of an automobile accident and upon arriving at the scene of the event he found defendant bent over the steering wheel of the bus which he was driving, with his head down; that he asked him to come out and "and in so doing he was going to fall down and I held him"; that he asked him as to how the accident occurred and he had to repeat the questions two or three times in order to understand defendant's answers; that he noticed that defendant had a strong smell of liquor; and on asking him to submit to a blood or urine test, he refused adducing that he did not have a driver's license.

---

[1] The transcript of the evidence was requested on November 14, 1961. The corresponding order was issued on the following October 22, and appellant was also granted the leave to litigate in forma pauperis. It was not until December 21, 1962, thirteen months after the issuance of the order to prepare the transcript, that the same was filed by the stenographer who intervened in the case. Such a long term is unexplainable for a brief transcript of only 25 pages.

The courts should see that the preparation of transcript follow the strict order of turns, particularly where appellant has been granted the benefits to sue in forma pauperis. *People* v. *Santos*, 80 P.R.R. 591 (1958).

The evidence for the defense consisted of defendant's testimony. He did not admit that he had drunk alcoholic beverages and in general terms he denied the version of the facts stated by the witnesses for the prosecution. He did not explain in any manner whatsoever the occurrence of the accident.

1-3 The first three errors assigned in support of the appeal are directed against the sufficiency of the evidence, and specifically, the admission of evidence as to (a) the refusal of defendant to submit to a blood or urine test; and (b) his conduct constituting other violations of the Vehicle and Traffic Law.

The preceding summary of the evidence for the prosecution shows that if believed—as it actually was—the trial court did not err in finding defendant guilty. *People* v. *López Rodríguez*, 88 P.R.R. 459 (1963), where we ratified that our mission is not to interfere with the sound discretion of the trial court in weighing the evidence or in substituting our criterion for that of the court in weighing the facts, except under circumstances showing that the trial court acted with manifest error, prejudice, or partiality. In situations similar to the present case we have held that the evidence introduced was sufficient to support the conviction. In *People* v. *López Rodríguez, supra*, the evidence for the prosecution showed that defendant smelled of liquor, staggered, talked incoherently and zigzagged. In *People* v. *De Jesús Marrero*, 88 P.R.R. 150 (1963), the police patrol stopped the defendant because it observed that the automobile which he was driving was going zigzag and the police officers testified categorically as to appellant's state of intoxication. In dismissing an assignment of insufficiency of evidence we stated that the testimony of the officer who made the arrest, if believed by the court, is sufficient to support the conviction. In *People* v. *Gregory*, Per Curiam decided March 21, 1963, the testimony of the policeman who made

the arrest established that defendant was driving a vehicle in zigzags and that he talked incoherently when they asked him for his license, he smelled of liquor and he could hardly hold himself up. See also; *People* v. *Comas*, 87 P.R.R. 640 (1963); *People* v. *Soto*, 87 P.R.R. 653 (1963); *People* v. *Riego*, 87 P.R.R. 554 (1963); *People* v. *Quiles*, 87 P.R.R. 464 (1963); *People* v. *Ordein*, 86 P.R.R. 458 (1962).[2] On the few occasions on which we have reversed convictions for the offense of driving motor vehicles in a state of intoxication, exceptional circumstances have been present. *People* v. *Galleti Rodríguez*, 88 P.R.R. 275 (1963); *People* v. *Rivera*, 87 P.R.R. 310 (1963); *People* v. *Hernández*, 86 P.R.R. 753 (1962).

■ The assignments relating to the admission of evidence lack merit, not only because they were not timely objected to, but also because even eliminating the effects which they might have produced, the rest of the testimony of the witnesses for the defense is sufficient to support the conviction. Furthermore, the facts to which they refer are so intimately linked with the accident that we cannot understand how they could be disconnected in a complete statement of the event. In any event, its admission was likewise harmless. *People* v. *Vogler*, 166 N.Y.S.2d 268 (1957).

■ 4-5 Lastly, appellant complains of the severity of the penalty imposed on him. Considering that it is the case of a person who drives a motor vehicle without the due legal authorization, and does so under the influence of intoxicating liquor, we cannot agree that the court abused its discretion in imposing the penalty of three months in jail. *People* v. *González*, Crim. No. 62-318, Judgment of June 13, 1963.

---

[2] In New York under a similar statute identical decisions have been reached. *People* v. *La Rosa*, 219 N.Y.S.2d 399 (1961); *People* v. *Kessler*, 183 N.Y.S.2d 834 (1954).

56

The judgment rendered by the Superior Court, Bayamón Part, on October 19, 1961, will be affirmed.

