EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BERNARDO VÉLEZ RUIZ, acusado y apelante.

*Número:* CR-63-48          *Resuelto:* 30 de septiembre de 1963

*Francisco Aponte,* abogado del apelante; *J. B. Fernández Badillo, Procurador General, Carlota Capó, Procurador General Auxiliar, Rodolfo Cruz Contreras, Sub Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El Fiscal de Distrito formuló acusación contra Bernardo Vélez Ruiz por una infracción de la Sec. 5-801 de la Ley de Vehículos y Tránsito de Puerto Rico, 9 L.P.R.A. sec. 1041, consistente en que el día 17 de mayo de 1961 conducía un vehículo de motor bajo los efectos de bebidas embriagantes. El juicio se celebró el día 19 de octubre siguiente. Fue declarado culpable y sentenciado a cumplir tres meses de cárcel. Apeló. ([1])

La prueba de cargo ofrecida fue sumamente breve. Consistió en el testimonio de Aguedo Pérez Morales y el agente Jesús M. Matos. Pérez declaró que el día indicado en la denuncia, como a la una y media de la madrugada, observó una guagua que se dirigía dando zigzags, que abandonó su trayectoria e invadió la izquierda de la carretera yendo a chocar otro vehículo que se encontraba estacionado; que la guagua era conducida por el acusado, quien al ocurrir el impacto, intentó

---

([1]) Se solicitó la transcripción de evidencia en 14 de noviembre de 1961. La orden correspondiente se dictó el día 22 siguiente, concediéndosele además al apelante el beneficio de pobreza para su tramitación. No es hasta el 21 de diciembre de 1962, cuando habían transcurrido trece meses de la orden para la preparación de la transcripción, que ésta se radica por la estenotipista que intervino en el caso. Para una corta transcripción de solamente 25 folios resulta inexplicable un término tan prolongado.

Los tribunales de instancia deben estar atentos a que se cumpla estrictamente con el turno para la preparación de las transcripciones, especialmente cuando se trata de recursos en los cuales se ha concedido al apelante el beneficio de pobreza. *Pueblo* v. *Santos,* 80 D.P.R. 611 (1958).

desmontarse, pero apenas podía hacerlo por encontrarse ebrio; que no fue a prestar declaración ante el juez de paz porque, luego de avisar de la ocurrencia del choque al padre del dueño del vehículo estacionado, se dirigió a su hogar, y no fue hasta la mañana siguiente que se le condujo ante el referido magistrado. El policía Matos atestó que se le llamó para la investigación de un accidente automovilístico y al llegar al lugar del suceso encontró al acusado doblado sobre el guía de la guagua que conducía, con la cabeza inclinada; que le requirió para que se desmontara y "al bajarse trató de caerse y yo lo agarré"; que le interrogó sobre la forma en que había ocurrido el accidente y tuvo que repetir las preguntas dos o tres veces para poder entender las respuestas del acusado; que notó que el acusado expedía un fuerte olor a licor; y que al requerirle para que se dejara tomar una muestra de sangre u orina, éste se negó aduciendo que no tenía licencia para conducir vehículos de motor.

La prueba de defensa consistió en el testimonio del propio acusado. No admitió que hubiese ingerido bebidas alcohólicas y en términos generales negó la versión de los hechos expuesta por los testigos de cargo. No explicó en forma alguna la ocurrencia del accidente.

1–3 Los tres primeros errores que se apuntan para sostener el recurso de apelación se dirigen a impugnar la suficiencia de la prueba, y específicamente, la admisión de evidencia sobre a) la negativa del acusado a tomarse una muestra de sangre u orina; y, b) conducta constitutiva de otras infracciones a la Ley de Vehículos y Tránsito.

El resumen de la prueba de cargo que hemos hecho precedentemente demuestra que, de ser creída—como en efecto lo fue—el tribunal de instancia no erró al declarar culpable al acusado. *Pueblo* v. *López Rodríguez*, 88 D.P.R. 474 (1963), en donde ratificamos que nuestra misión no consiste en intervenir con la sana discreción del tribunal de instancia al apreciar la prueba ni en sustituir nuestro criterio por el de

éste en la evaluación de la misma, a menos que se trate de circunstancias que demuestren que se incurrió en manifiesto error, prejuicio o parcialidad. En situaciones similares a las del presente caso hemos sostenido que la prueba presentada era suficiente para sostener la convicción. En *Pueblo v. López*, supra, la prueba de cargo demostró que el acusado expedía un fuerte olor a licor, se tambaleaba, hablaba incoherentemente y conducía el vehículo dando zigzags. En *Pueblo v. De Jesús Marrero*, 88 D.P.R. 154 (1963), la patrulla de la policía detuvo al acusado al observar que el automóvil que éste conducía iba dando zigzags y los agentes declararon en forma categórica sobre el estado de embriaguez en que se encontraba el apelante. Al rechazar un planteamiento sobre insuficiencia de la prueba indicamos que la declaración del agente que practicó la detención, de merecerle crédito al tribunal, sostenía la convicción. En *Pueblo v. Gregory*, Per Curiam resuelto en 21 de marzo de 1963, el testimonio del policía que practicó la detención estableció que el acusado conducía un vehículo dando zigzags y que al solicitársele la licencia hablaba incoherentemente, despedía un fuerte olor a licor y apenas podía sostenerse en sus pies. Véanse, además, *Pueblo v. Comas Sosa*, 87 D.P.R. 674 (1963); *Pueblo v. Soto Cintrón*, 87 D.P.R. 688 (1963); *Pueblo v. Riego Zuñiga*, 87 D.P.R. 584 (1963); *Pueblo v. Quiles Morgado*, 87 D.P.R. 491 (1963); *Pueblo v. Ordein Sánchez*, 86 D.P.R. 484 (1962).[2] En las escasas ocasiones en que hemos revocado convicciones por el delito de conducir en estado de embriaguez, han mediado circunstancias de excepción. *Pueblo v. Galleti Rodríguez*, 88 D.P.R. 284 (1963); *Pueblo v. Rivera Flores*, 87 D.P.R. 328 (1963); *Pueblo v. Hernández Justiniano*, 86 D.P.R. 793 (1962).

■ Los apuntamientos relativos a la admisión de evidencia carecen de méritos, no sólo por no haber sido objetados

---

[2] A idéntico resultado se ha llegado en Nueva York bajo un estatuto similar. *People v. La Rose*, 219 N.Y.S.2d 399 (1961); *People v. Kessler*, 183 N.Y.S.2d 834 (1954).

oportunamente, sino porque aun eliminando los efectos que puedan haber producido, el resto de las declaraciones de los testigos de cargo es suficiente para sostener la convicción. Además, los hechos a que se refieren están tan íntimamente ligados con el accidente ocurrido que no vemos cómo pudieron haberse desvinculado en una narración completa del suceso. De todas formas, su admisión tampoco fue perjudicial. *People* v. *Vogler*, 166 N.Y.S.2d 268 (1957).

■ 4-5 Se queja por último el apelante de la severidad de la pena impuesta. Considerando que se trata de un caso en que una persona sin estar autorizada legalmente para ello conduce un vehículo de motor y lo hace bajo la influencia de bebidas embriagantes, no podemos convenir en que se abusó de la discreción al dictar la sentencia de tres meses de cárcel. *Pueblo* v. *González*, Crim. Núm. 62-318, Sentencia de 13 de junio de 1963.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Bayamón, en 19 de octubre de 1961.*