EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BRÍGIDO ORELLANO GÓMEZ, acusado y apelante.

*Número:* CR-64-502    *Resuelto:* 24 de junio de 1965

*Julio Suárez Garriga,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto de infringir la Sec. 4 de la Ley Núm. 220 de 1948, 33 L.P.R.A. sec. 1250, al tener en su poder material relacionado con el juego ilegal de la bolita.

Señala los siguientes cuatro errores: (1) apreciación equivocada de la prueba; (2) que el Tribunal consideró prueba no admitida para resolver que el único testigo de cargo no pudo equivocarse en la identificación del acusado; (3) condenar al acusado a pesar de que al resolver el caso hizo manifestaciones que demostraban que tenía duda razonable sobre la identificación que hizo del acusado el agente encubierto; (4) interrumpir el contrainterrogatorio del testigo de cargo cuando éste empezó a admitir que había mentido en una parte (que el apelante considera esencial) de su declaración.

No encontramos en el récord justificación para sostener el primer error señalado. Para sostener su contención el apelante alega que el testigo de cargo incurrió en una serie de contradicciones, por lo cual él estima que el testimonio del testigo no debió merecer crédito al juzgador. La realidad es que algunos incidentes aislados a que alude el

apelante no constituyen contradicciones. Pero aun partiendo del supuesto de que las constituyesen, es norma reiterada que el hecho de que existan contradicciones en la declaración de un testigo eso de por sí solo no justifica que se rechace dicha declaración en su totalidad, si las contradicciones no son decisivas y si el resto del testimonio es suficiente para establecer la transacción delictiva, superar la presunción de inocencia y establecer la culpabilidad más allá de duda razonable. *Pueblo* v. *Álvarez*, opinión per curiam resuelta en 8 de mayo de 1964; *Pueblo* v. *Méndez Feliciano,* 90 D.P.R. 449 (1964); *Pueblo* v. *Casiano,* 87 D.P.R. 494 (1963); *Pueblo* v. *Nazario,* 87 D.P.R. 130 (1963). Tal sería la situación en el caso que nos ocupa de considerarse que el referido testigo incurrió en las contradicciones señaladas. En ausencia de error manifiesto, pasión, prejuicio o parcialidad, no intervendremos con la apreciación que de la prueba haga el tribunal de instancia. *Pueblo* v. *Vélez Ruiz,* 89 D.P.R. 53 (1963); *Pueblo* v. *López Rodríguez,* 88 D.P.R. 474 (1963).

Los errores segundo y tercero, que el apelante discute conjuntamente, se basan en ciertas observaciones que hizo el magistrado sentenciador en el momento de dictar sentencia. En apoyo de su contención el apelante cita el siguiente fragmento del récord:

"HON. JUEZ: Póngase de pie el acusado entonces. El Tribunal le dá entero crédito a la declaración del agente. Aquí lo más que podría es, a juicio del Tribunal, invocarse tal vez un error de identificación, pero me parece que el acusado por sus razgos [*sic*] fisonómicos es imposible de ser confundido por ninguna otra persona. Esas dos cicatrices que tiene el acusado en la frente son de difícil confusión, compañero, por lo que el Tribunal lo declaro [*sic*] culpable y convicto de Infracción a la ley, Sección 4 de la Ley de Bolita, y le condena a sufrir una pena de un año de cárcel . . ." (T. E. pág. 82.)

La prueba aportada por el acusado intentó probar la defensa de coartada. En ningún momento fue parte de su teoría el que se hubiese incurrido en un error de identifica-

ción. La declaración del agente encubierto dejó completamente establecida la identificación del acusado. (T.E. págs. 4–5.) Las palabras del juez sentenciador no demuestran que existiese en su mente duda alguna en cuanto a la identidad o a la culpabilidad del acusado; más bien constituyen un comentario que en nada perjudicó al apelante.

En cuanto al cuarto error señalado el récord revela que en un momento durante el extenso contrainterrogatorio a que fue sometido por la defensa el testigo de cargo, ocurrió lo siguiente:

"HON. JUEZ: Yo tengo que proteger mi salud, y yo tengo a las 4:15 una conferencia con el médico, una entrevista con el médico. Si yo sé no hubiera llamado este caso.

DEFENSA: Entonces, Sr. Juez, que se citen los testigos de Defensa.

"HON. JUEZ: Los demás casos citados para hoy, para mañana a las nueve de la mañana. (Receso.)"

Nos parece que la interrupción del magistrado estuvo justificada, por la misma razón que él explicó. Nótese que la defensa no hizo objeción al receso y una vez concluido el juicio no volvió a contrainterrogar al testigo sobre esos extremos. En modo alguno la situación planteada justifica una revocación.

*Los errores señalados no se cometieron. Se confirmará la sentencia apelada en este caso.*