RAMÓN MORALES RODRÍGUEZ, peticionario, *v.* CORTE DE DISTRITO DE ARECIBO, HON. R. AGRAÍT ALDEA, JUEZ, demandada.

Núm. 331.—*Sometido:* Enero 8, 1940. *Resuelto:* Enero 16, 1940.

*E. Martínez Avilés,* abogado del peticionario; el Juez demandado compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Ramón Morales Rodríguez solicitó, a tenor del artículo 448 del Código de Enjuiciamiento Criminal el archivo y sobreseimiento del proceso por no habérsele sometido a juicio den-

tro del término de 120 días contado a partir de la fecha en que se le presentó la acusación por el delito de homicidio voluntario. El juez de distrito declaró sin lugar la moción y Morales obtuvo un auto alternativo de *mandamus.*

La acusación fué radicada a fines del 1936. El caso fué señalado para juicio en mayo o agosto, 1937, y el acusado solicitó la posposición del mismo. No se desprende la fecha en que el caso fué señalado para juicio ni la de la moción del acusado. Sin embargo, de la moción aparece que la Asamblea Legislativa se hallaba en sesión.

En abril 30, 1936, el acusado solicitó la posposición de otro caso en que se le imputaba el delito de portar armas. En esta moción renunciaba expresamente su derecho a un juicio rápido. Basó su solicitud de posposición en los siguientes motivos:

"El juicio había sido señalado para el 7 de mayo. El caso de homicidio no se había señalado aún. La prueba era la misma en ambos casos. El acusado sometería el caso de portar armas por la prueba del de homicidio voluntario."

El 18 de septiembre, 1939, fué señalado para la lectura del Calendario y para hacer el señalamiento de causas criminales. Aunque el acusado fué debidamente notificado no compareció el 18 de septiembre ni solicitó que su caso fuera señalado para juicio. No obstante, el caso fué señalado para el 3 de octubre. El acusado fué debidamente notificado.

El peticionario solicitó en 26 de septiembre el sobreseimiento y archivo de la causa. La vista de su moción fué señalada para el 29 del mismo mes. Pidió entonces la posposición de esta vista. La moción fué oída y declarada sin lugar el 2 de octubre.

El acusado solicitó entonces la posposición del juicio fundado en que uno de sus letrados, que anteriormente le había representado en un caso de portar armas, tenía que comparecer el siguiente día en un caso civil en San Juan. Esta moción fué declarada con lugar a condición de que el acusado la hiciera por escrito y renunciara a cualquier derecho de

prescripción. Se allanó a esto. Empero, en su moción escrita se reservó el derecho a presentar ante este tribunal la cuestión envúelta en su moción de archivo y sobreseimiento.

Al conceder la segunda moción en que el acusado solicitaba la posposición del juicio, la corte lo señaló de nuevo para el 31 de octubre. A pesar de este nuevo señalamiento del caso, del cual el acusado fué notificado debidamente, el peticionario no acudió en solicitud de un auto de *mandamus* inmediatamente sino que esperó hasta el 25 de octubre. El auto alternativo fué librado el 27 del mismo mes y recibido por el juez de distrito el 31 de octubre, día señalado para el juicio.

██ El artículo 448 del Código de Enjuiciamiento Criminal impone al juez de distrito el deber de sobreseer una causa "cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de 120 días, a contar desde la presentación de la acusación." En tales casos, "a menos que exista justa causa en contrario," el juez no tiene discreción. Cuando, como sucede en el presente caso, el juicio se ha pospuesto a petición del acusado, la cuestión de sobreseimiento por demoras posteriores es una que cae dentro de la discreción de la corte inferior. El debido ejercicio de esa discreción no será regulado por *mandamus*.

██ Al radicar una sola moción solicitando la posposición del juicio el acusado no renuncia todo derecho a ser juzgado más tarde dentro de un término razonable. *Pueblo* v. *Cepeda,* 31 D.P.R. 489. El transcurso de dos años sin señalar el caso nuevamente es una cuestión seria. Si al momento de radicar su primera moción de suspensión, o posteriormente, el acusado hubiera demostrado el deseo o la disposición de que su caso fuera visto, cualquier demora posterior, por un período de tiempo irrazonable, en ausencia de prueba satisfactoria por parte del Pueblo, hubiera exigido el archivo y sobreseimiento de la causa.

Sin embargo, no siempre un acusado interesa un juicio rápido. Un caso fuerte en favor del Pueblo, a veces se debi-

lita algo y una condena se hace más difícil, con el transcurso del tiempo. Un acusado que no ha estado debidamente representado por letrados idóneos tiene derecho a más consideración que uno que lo ha estado desde el principio por dos abogados competentes. Si él hubiera estado dispuesto o hubiera deseado que su caso fuera juzgado, nada había que le impidiera revelar el estado de su mente, bien al momento de radicar su primera solicitud de suspensión o en cualquier tiempo posterior, conforme lo hizo el acusado en el caso de *Pueblo* v. *Olmeda*, ante pág. 872.

Tomando todo en consideración, no hallamos abuso de discreción por parte del juez de distrito. Véase *Garcés* v. *Corte de Distrito*, 55 D.P.R. 336.

*No ha lugar a expedir el auto perentorio solicitado.*