El Pueblo de Puerto Rico, demandante y apelado, *v.* José L. Rexach, acusado y apelante.

Núms. 9891 y 9892.—*Sometidos:* Mayo 6, 1943. *Resueltos:* Mayo 18, 1943.

*Francisco González Fagundo,* abogado del apelante; *R. A. Gómez,* Fiscal del Tribunal Supremo, y *Luis Negrón Fernández,* Fiscal Auxiliar, abogados de el Pueblo, apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En abril 29 de 1942, el fiscal radicó una acusación contra el apelante, imputándole haber infringido la ley sobre registro de armas de fuego (Ley núm. 14 de 8 de julio de 1936, [(2) pág. 129] enmendada por la núm. 95 de mayo 12, 1937 [Leyes de 1936–37, pág. 240]) al tener en su posesión y dominio un revólver, sin declararlo por escrito al Jefe de la Policía de Gurabo, que es el distrito de su residencia. En la misma fecha, el fiscal radicó contra él otra acusación por el delito de portar armas. La vista de ambos casos fué celebrada el 15 de diciembre de 1942; y el 16 del mismo mes la Corte de Distrito de Humacao dictó sentencia condenando al acusado al pago de $50 por no haber registrado el arma y a un mes de cárcel por portarla ilegalmente.

En los recursos de apelación interpuestos contra dichas sentencias, se señala como único error de la corte inferior el haber declarado sin lugar las mociones radicadas por el acusado, solicitando el archivo y sobreseimiento de ambos casos.

■■ Las acusaciones fueron radicadas el 29 de abril y leídas al acusado el día 11 de mayo de 1942. En julio 24 de 1942, los dos casos fueron señalados para ser vistos el 25 de agosto, fecha comprendida dentro de los 120 días siguientes a la fecha de radicación de ambas acusaciones. Del récord aparece que el día 20 de agosto, cinco días antes de la fecha señalada para el juicio, el Licenciado Francisco González Fagundo, quien en esos momentos presidía la Corte de Distrito de Humacao, como Juez Interino, hizo constar que se inhibía de conocer de uno y otro caso por haber sido consultado como abogado y haber aconsejado al acusado en cuanto a ambas acusaciones, y ordenó la posposición de la vista.

En noviembre 3 los dos casos fueron señalados para el 15 de diciembre de 1942. Compareció en esa fecha el acu-

sado asistido de su abogado el Lic. Francisco González Fagundo y solicitó el archivo y sobreseimiento basando su petición en que desde la fecha de presentación de las acusaciones hasta el 15 de diciembre de 1942, fecha en que se iniciaba el juicio, habían transcurrido con exceso los 120 días que señala el artículo 448 del Código de Enjuiciamiento Criminal. Del récord no aparece que el acusado hiciera en momento alguno gestiones tendientes a conseguir que se anticipara la fecha para la celebración del juicio. Tampoco consta la duración del término por el cual el abogado del acusado actuó como juez interino de la corte, haciendo imposible la celebración del juicio contra su defendido.

Opinamos que la corte inferior no erró al declarar sin lugar la moción de archivo y sobreseimiento. La vista fué señalada para una fecha comprendida dentro del término legal de 120 días—para el 25 de agosto de 1942. Hubo una "justa causa contraria" para que el juicio no pudiese celebrarse en la fecha señalada, y esa causa fué suministrada por el propio abogado del acusado, quien al aceptar el cargo de juez interino de aquella corte impidió que el juicio se celebrara dentro del término legal.

Establecido satisfactoriamente el hecho de que existió una justa causa para la no celebración del juicio dentro de los 120 días siguientes a la presentación de las acusaciones, creemos que es de aplicación nuestra decisión en *El Pueblo* v. *Balzac,* 56 D.P.R. 649, en la que se dijo:

"No creemos que deba comenzarse a contar un nuevo término de 120 días cada vez que se pospone un caso por justa causa. Ello dependería de todas las circunstancias."

La Corte de Circuito de Apelaciones para el Primer Circuito, en *Gerardino* v. *People of Puerto Rico,* 29 F. (2d) 517, interpretando las disposiciones del artículo 448 del Código de Enjuiciamiento Criminal, se expresó así:

"Se arguye ahora que este estatuto de Puerto Rico es una definición obligatoria del término 'rápido', según se usa en la Ley Or-

gánica, hasta el punto de requerir el sobreseimiento por esta Corte, de estos casos, en los cuales el juicio se celebró realmente 143 días después de haberse declarado con lugar la moción de suspensión. Existen varias contestaciones suficientes para dicha contención:

"(1) Aun cuando esta definición legislativa merece justa consideración, ella no es obligatoria para esta Corte. Esta Corte está en entera libertad para sostener que 120 días es un período o demasiado largo o demasiado corto para estar comprendido dentro del justo significado de 'rápido'.

"(2) Si aplicamos el Código de Puerto Rico, debe concederse pleno vigor a la disposición, supra, de que el juicio no ha sido pospuesto a petición del acusado. Empero, este juicio fué pospuesto a petición de los acusados; y no aparece que ellos no solicitaran una posposición que hizo que el juicio fuese celebrado dentro de 120 días contados desde la terminación de la posposición solicitada y obtenida. Debe inferirse, que después de conseguir la posposición, ellos nunca con posterioridad solicitaron el señalamiento del juicio."

Consideradas todas las circunstancias del caso, no podemos decir que el acusado apelante no tuvo el juicio rápido que le garantiza la Carta Orgánica. Sus casos fueron señalados a los 69 días después de la suspensión motivada y ordenada por el abogado del acusado, y el juicio celebrado dentro de los 120 días siguientes a la suspensión.

*La sentencia recurrida debe ser confirmada.*