EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL ORTIZ, acusado y apelante.

Núm. 9991.—*Sometido:* Junio 11, 1943. *Resuelto:* Junio 23, 1943.

*Carlos E. Colón,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El acusado apela de una sentencia condenatoria por violación de la sección 4, Ley núm. 6, Leyes de Puerto Rico, 1941 ((2) pág. 15), Sesión Extraordinaria. Tanto la corte municipal como la de distrito lo hallaron culpable de vender

una libra de carne a un consumidor por un precio mayor que el fijado por el Boletín Administrativo núm. 761, tal cual fué aprobado por la Comisión de Alimentos y Abastecimiento General y promulgado por el Gobernador.

■ El acusado alega que la corte de distrito cometió error al declarar sin lugar su moción de archivo y sobreseimiento, basada en el hecho de que el juicio no se celebró dentro de los 120 días a partir de la radicación en la corte de distrito del récord en apelación de la corte municipal (Art. 448, inciso 2, Código de Enjuiciamiento Criminal, Ed. 1933; *Pueblo* v. *Balzac,* 56 D.P.R. 649).

El récord fué radicado ante la corte de distrito el 29 de mayo de 1942 y se señaló la vista del caso para el 16 de julio de 1942. En dicha fecha y a petición del fiscal de distrito se pospuso el caso hasta el 23 de julio debido a la ausencia de los dos testigos de El Pueblo. Uno de los testigos había sido citado pero no compareció. El otro testigo era un jefe de policía de distrito, quien tampoco compareció. El 23 de julio el caso fué pospuesto otra vez debido a enfermedad del jefe de distrito. Finalmente se celebró el juicio ante la corte de distrito el 21 de octubre de 1942.

El acusado acepta que la primera posposición del 16 de julio al 23 de julio fué "más o menos justificada". Toda vez que el juicio se celebró el 21 de octubre, antes de transcurrir 120 días a partir del 23 de julio, fecha que se fijó para el juicio a virtud de la primera posposición, para la cual se admite hubo justa causa, nada encontramos en las circunstancias de este caso que autorice al acusado invocar la regla contenida en el artículo 448 del Código de Enjuiciamiento Criminal (*Pueblo* v. *Balzac,* 56 D.P.R. 649; *Pueblo* v. *Rexach,* ante, pág. 22, resuelto el 18 de mayo de 1943; *Pueblo* v. *Díaz,* 60 D.P.R. 540; *Pennington* v. *Corte,* 60 D.P.R. 260; *Dyer* v. *Rossy,* 23 D.P.R. 772).

■ El acusado entonces alega que la corte inferior no tenía jurisdicción en este caso. Indica que la alegada in-

fracción ocurrió el 12 de mayo de 1942, que la acusación fué radicada el 15 de mayo, y que la Ley núm. 6 fué derogada por la Ley núm. 228, Leyes de Puerto Rico, 1942 ((1) pág. 1269) que fué aprobada el 12 de mayo de 1942. Pero la Ley núm. 228, que reemplazó y sustituyó la Ley núm. 6 expresamente disponía mediante una cláusula de salvedad, que toda la reglamentación promulgada bajo la ley anterior continuaría en vigor.(¹) Por tanto no es necesario que determinemos si, en ausencia de tal cláusula de salvedad, la corte inferior hubiera tenido jurisdicción bajo las circunstancias actuales (*Cf. United States* v. *Powers*, 307 U. S. 214). La Legislatura, aunque derogando la Ley núm. 6, claramente expresó su intención de que continuara en vigor toda la reglamentación, incluyendo el Boletín Administrativo aquí envuelto, promulgado bajo la Ley núm. 6, hasta que se modificara de otro modo mediante acción adecuada bajo la nueva Ley. La corte inferior por tanto tenía jurisdicción para juzgar al acusado por una acusación que alegaba hechos que ocurrieron el mismo día en que la Ley núm. 228 entró en vigor y que fué radicada tres días después.

*La sentencia de la corte de distrito será confirmada.*

El Juez Presidente Sr. Del Toro no intervino.

---

(¹)La sección 14(*a*) de la Ley núm. 228 dice como sigue:

"Toda actuación, escala de precios, orden, regla o providencia, autorizada o ejecutada por la Comisión de Alimentos y Abastecimiento General, hasta la fecha de vigencia de esta Ley, o por el Director Ejecutivo de la misma, durante el mismo período de tiempo, quedará automáticamente convalidada y ratificada desde el momento en que esta Ley entre en vigencia y hasta tanto sea substituída, modificada, enmendada o derogada por otras medidas adoptadas bajo esta Ley. Las escalas de precios serán consistentes con las normas establecidas en esta Ley, y estarán sujetas a la solicitud de reconsideración autorizada en la misma, como si hubieran sido promulgadas a la fecha de la vigencia de esta Ley."