EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MAXIMINO GARAY, acusado y apelante.

Núms. 10525 y 10526.—*Sometidos:* Julio 18, 1944. *Resueltos:* Julio 28, 1944.

*Leopoldo Tormes García,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Esta apelación envuelve dos casos. En el primero, un jurado declaró culpable al acusado de homicidio voluntario y fué sentenciado a presidio por la corte de distrito. En el segundo, por la misma prueba sometida al jurado en el caso de homicidio, la corte de distrito lo declaró culpable y le impuso una pena de cárcel por portar armas prohibidas.

El primer error señalado por el acusado es que la corte inferior cometió error al declarar sin lugar su moción de archivo y sobreseimiento por el fundamento de que habían transcurrido más de ciento veinte días desde que se radicaron las acusaciones en su contra. El juicio en este caso se suspendió en una ocasión a petición del acusado. El artículo 448 (2) dispone que ''Cuando un acusado, *cuyo juicio no haya sido transferido a petición suya,* no sea sometido a juicio en el término de 120 días, a contar desde la presentación de la acusación, a menos que exista justa causa contraria, al tribunal decretará el sobreseimiento del proceso . . .'' (Bastardillas nuestras). Hemos interpretado esta sección como que significa que ''Cuando, como sucede en èl presente caso, el juicio se ha pospuesto a petición del acusado, la cuestión de sobreseimiento por demoras posteriores es una que cae dentro de la discreción de la corte inferior.'' (*Morales* v. *Corte,* 55 D.P.R. 886, 888).

Lejos de abusar de su discreción en las suspensiones posteriores, estamos satisfechos en que la corte de distrito actuó correctamente al suspender el juicio en tres ocasiones subsiguientes después de haber el fiscal presentado prueba de que faltaba un testigo principal y que los esfuerzos del

márshal para localizarlo habían sido infructuosos. Bajo las circunstancias que aquí concurren, no encontramos abuso de discreción por parte de la corte de distrito. (*Pueblo* v. *Ortiz*, 62 D.P.R. 298).

No vemos razón alguna para considerar en detalle el segundo error alegado. Se refiere a unas cuantas preguntas que la corte inferior no permitió al abogado del acusado hacerle a los testigos del Pueblo cuando los contrainterrogaba. Todas eran o bien triviales, o nada tenían que ver con los hechos del caso, o no se referían a asuntos traídos en el examen directo. Aquí tampoco podemos decir que la corte de distrito abusó de su discreción al no permitir tal contrainterrogatorio o que surgió por ello un error perjudicial (*Pueblo* v. *Pellicier*, 56 D.P.R. 882).

El tercer error señalado está predicado en la negativa de la corte inferior a admitir prueba en cuanto a la reputación del acusado hasta la fecha del juicio. La corte de distrito no erró al limitar esta prueba solamente a la reputación del acusado hasta el día en que ocurrieron los hechos aquí envueltos (1 Wigmore *on Evidence*, 3ra. ed. §56; 1 Wharton's *Criminal Evidence*, 11a. ed., §331, pág. 462; 1 Underhill's *Criminal Evidence*, §563, pág. 1118, y §173, pág. 406).

El cuarto señalamiento de error consiste de una serie de quejas en cuanto a las instrucciones al jurado. Para resolver este alegado error, es suficiente decir que hemos examinado las instrucciones cuidadosamente y encontramos que sintetizan los hechos de una manera sustancialmente correcta y exponen la ley razonablemente. No encontramos error perjudicial en las pequeñas discrepancias que surgen de las manifestaciones extraídas por el acusado del contexto de las mismas señalándolas separadamente como erróneas.

El quinto error imputado es que las sentencias son contrarias a los hechos y a la ley. El acusado no hizo ningún esfuerzo real para argumentar este punto. La eviden-

cia fué contradictoria en relación con la teoría de defensa propia en el caso de homicidio voluntario. Habiendo creído el jurado la prueba del Pueblo, que era suficiente para sostener la acusación, no estamos en libertad de intervenir con la sentencia y el veredicto. (*Pueblo* v. *Rodríguez*, 62 D.P.R. 252).

*Las sentencias de la corte de distrito serán confirmadas.*
El Juez Asociado Sr. De Jesús no intervino.