RUBÉN VALENTÍN MALDONADO ET AL., peticionarios, v. TRIBUNAL SUPERIOR, SALA DE ARECIBO, HON. FRANK PAGANACCI, JUEZ, demandado; EL PUEBLO DE PUERTO RICO, interventor.

*Número:* C-62-47    *Resuelto:* 15 de noviembre de 1962

*Juan J. Cancel Ríos* y *Armando A. Miranda,* abogados de los peticionarios; *J. B. Fernández Badillo, Procurador General,* y *Jenaro Marchand, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: Para revisar la resolución que negó el archivo de las acusaciones radicadas, expedimos auto de certiorari.

En *Pueblo* v. *Garay,* 64 D.P.R. 106 (1944) expusimos la norma a seguir en situaciones como las que presenta este caso. Allí dijimos a la pág. 107:

"El primer error señalado por el acusado es que la corte inferior cometió error al declarar sin lugar su moción de archivo y sobreseimiento por el fundamento de que habían transcurrido más de ciento veinte días desde que se radicaron las acusaciones en su contra. El juicio en este caso se suspendió en una ocasión a petición del acusado. El artículo 448(2) dispone que 'Cuando un acusado, *cuyo juicio no haya sido transferido a petición suya,* no sea sometido a juicio en el término de 120 días, a contar desde la presentación de la acusación, a menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso. . .' Hemos interpretado esta

sección como que significa que 'Cuando, como sucede en el presente caso, el juicio se ha pospuesto a petición del acusado, la cuestión de sobreseimiento por demoras posteriores es una que cae dentro de la discreción de la corte inferior.' (*Morales v. Corte*, 55 D.P.R. 886, 888.)

"Lejos de abusar de su discreción en las suspensiones posteriores, estamos satisfechos en que la corte de distrito actuó correctamente al suspender el juicio en tres ocasiones subsiguientes después de haber el fiscal presentado prueba de que faltaba un testigo principal y que los esfuerzos del márshal para localizarlo habían sido infructuosos. Bajo las circunstancias que aquí concurren, no encontramos abuso de discreción por parte de la corte de distrito. (*Pueblo v. Ortiz*, 62 D.P.R. 298.)"

Procede examinar lo ocurrido en el presente caso.

Las acusaciones fueron radicadas el 18 de mayo de 1961. El 31 de julio se transfirió la vista para el 16 de agosto a petición de los acusados. El 11 de agosto el abogado de los acusados solicita la suspensión de la vista señalada para el 16. Se señala para el 6 de septiembre y en ese día se discute una moción de supresión de evidencia la cual se declaró sin lugar. Se transfirió la vista para el 21 de septiembre y no se hace constar oposición por parte de los acusados. El 21 de septiembre se transfirió nuevamente a petición de los acusados. En la nueva fecha señalada para la vista, 19 de octubre de 1961, se transfirió para el 21 de noviembre. La defensa no objetó. En esta fecha no compareció un testigo y el fiscal solicita la suspensión para el 5 de febrero con la oposición de la defensa. Se ordenó el arresto del testigo por desacato. Luego aparece que el 1ro. de marzo "el Tribunal, por estar viendo un caso por jurado y por estipulación de las partes, se transfiere la vista para el 23 de abril". En esta fecha es que se discute la moción de archivo radicada y se declara sin lugar. ▆

En *Pueblo* v. *Garay*, supra, ratificamos la norma expuesta en *Morales* v. *Corte*, 55 D.P.R. 886 (1940) al efecto de que "[c]uando ... el juicio se ha pospuesto a petición del acusado, la cuestión de sobreseimiento por demoras posteriores es una

que cae dentro de la discreción de la corte inferior". En este caso en tres ocasiones fue transferida la vista a petición del acusado. Cuando el 19 de octubre se transfiere nuevamente por estarse celebrando un caso de asesinato, la defensa no objeta. Se señala el 21 de noviembre y en esa fecha se transfiere con oposición de la defensa, pero se señala para el 1ro. de marzo cuando por estipulación de las partes vuelve a transferirse. Señalado el caso nuevamente para verse dentro de los 120 días de esta última suspensión a la cual consintieron los acusados—se señaló para el 23 de abril—entonces es que se radica la moción de archivo. Así, de acuerdo con *Garay*, luego de las suspensiones solicitadas por los acusados era discrecional del tribunal de instancia decretar el archivo posteriormente si no se celebraba dentro de los 120 días de la última suspensión, pero lo cierto es, además, que luego de la estipulación del 1ro. de marzo, el caso se señaló para dentro de los 120 días de esa fecha. Actuó correctamente el tribunal recurrido al negarse a archivar las acusaciones.

*Se anulará el auto expedido.*