SOTERO LEÓN y VALENTÍN VARGAS, peticionarios, *v.* TRIBUNAL SUPERIOR, SALA DE BAYAMÓN, demandado.

*Número:* O-70-23          *Resuelto:* 14 de octubre de 1970

---

*Luis Muñoz Rivera* y *Félix Ortiz Juan,* abogados de los peticionarios; *Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Procurador General Interino,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: █ Reiteramos en este recurso la norma al efecto de que una vez suspendida la celebración del juicio a petición del acusado la desestimación por demoras posteriores cae dentro de la discreción de la corte sentenciadora. *Valentín Maldonado* v. *Tribl. Superior,* 86 D.P.R. 474 (1962); *Pueblo* v. *Garay,* 64 D.P.R. 106 (1944); *Pueblo* v. *Rexach,* 62 D.P.R. 22 (1943); *Pueblo* v. *Balzac,* 56 D.P.R. 649 (1940); *Morales* v. *Corte,* 55 D.P.R. 886 (1940). El deber del tribunal sentenciador en tales casos es señalarlos para juicio dentro de un tiempo razonable que, dependiendo de las circunstancias, puede o no ser de 120 días. *Valentín*

*Maldonado* v. *Tribl. Superior,* supra; *Pueblo* v. *Balzac,* supra; *Morales* v. *Corte,* supra. Véase, además, *Gerardino* v. *People of Puerto Rico,* 29 F.2d 517. Recientemente puntualizamos este deber del tribunal sentenciador en *Jiménez Román* v. *Tribunal Superior,* 98 D.P.R. 874 (1970), expresando que:

"Así debe señalarse la vista lo más pronto posible, teniendo en cuenta el volúmen del trabajo pendiente, pero sin olvidar que el derecho a un juicio rápido es tan fundamental como cualquiera otro de los derechos fundamentales que le garantiza a los acusados la Constitución."

Las circunstancias que prevalecen en el caso de autos nos convencen que no hubo una demora irrazonable en la celebración del juicio. Los hechos pertinentes que surgen del récord son los siguientes:

1. El primer señalamiento del caso se hizo para el *19 de septiembre de 1968,* habiéndose presentado la acusación el 7 de junio de 1968. *Los recurrentes no comparecieron.*

2. El segundo señalamiento se hizo para el *16 de diciembre de 1968.* Tampoco aparece que el acusado Valentín Vargas compareciera. Se deduce de la minuta de esa fecha que el recurrente Valentín Vargas no compareció puesto que el tribunal de instancia ordenó su citación para el próximo señalamiento, quedando citado en corte abierta el otro coacusado Sotero León y "el resto de la prueba citada." [1]

---

[1] La minuta del 16 de diciembre de 1968 lee:

"El Tribunal no habiendo Jurados presentes en este Tribunal ya que es lunes, y además por faltarle varios testigos al Fiscal, suspende la vista de estos casos para el día 4 de marzo de 1969, a las 9:00 A.M.

"*Acusado Sotero León, citado. Cítese al acusado Valentín Vargas.*

"Lcdos. Félix Ortiz Juan y Luis Muñoz Rivera, notificados.

"Cítese a los testigos Elías Díaz; Rafael Díaz; Santiago González y a Héctor Pérez.

"Resto de la prueba citada.

"El Tribunal ordena a las partes que se haga un estudio en estos casos para ver si hay algún testigo que no aparece al dorso de la acusación para ver si hay que citarlos."

3. El tercer señalamiento se hizo para el *4 de marzo de 1969*. Se suspendió a petición del Ministerio Público para adicionar otros testigos en sustitución a uno que había fallecido.

4. El cuarto señalamiento se hizo para el *25 de abril de 1969*. En dicha fecha los recurrentes solicitaron la transcripción de las notas taquigráficas de las vistas celebradas el 16 de diciembre de 1968 y el 4 de marzo de 1969, solicitando también el Ministerio Público la transcripción de la vista del 19 de septiembre de 1968. El tribunal accedió a ambas solicitudes condicionando la del recurrente al pago de honorarios de taquígrafos. La celebración del juicio se suspendió a los fines de que el tribunal pudiera considerar la moción de la desestimación presentada por el recurrente el 26 de marzo. Tanto el Ministerio Público como el recurrente solicitaron que el caso se viera entre los próximos 120 días. (²)

5. El quinto señalamiento se hizo para el *1ro. de julio de 1969* pero fue suspendido porque estaba pendiente de resolver la moción de desestimación. Dicha moción quedó sometida el 27 de junio cuando el Ministerio Público presentó su memorando de autoridades refutando el de los recurrentes, quienes sometieron el suyo el 17 de junio.

6. El sexto señalamiento se hizo para el *18 de septiembre de 1969* después de haber el tribunal declarado el 6 de agosto sin lugar la moción de desestimación. En dicha fecha no pudo celebrarse el juicio por estar ocupado el tribunal en la continuación de la vista de un juicio por jurado. El tribunal de instancia trató de señalar el caso para el 7 de octubre próximo, que era la fecha más cercana disponible, pero el abogado principal de los recurrentes objetó porque tenía para ese mismo día otro asunto pendiente en otra Sala. También

---

(²) En dicha vista ocurrieron también otros incidentes, tales como la sustitución de un testigo del fiscal que había fallecido y la admisión de evidencia de cierta prueba documental.

trató el tribunal de señalar el caso para el 9 de diciembre pero dicho abogado tenía para ese día otro señalamiento en otra Sala. Por fin se señaló para el 4 de noviembre próximo.

7. El séptimo señalamiento de *4 de noviembre* fue suspendido *a petición de los abogados de la Defensa* bajo la alegación de que ambos estaban enfermos.

8. Sin objeción de las partes el tribunal señaló el caso para el *14 de enero de 1970*. Dicho señalamiento tampoco pudo celebrarse *por no estar preparada la Defensa*, ya que el abogado principal se encontraba ocupado en la continuación de la vista de un caso en otra Sala, y además, porque se proponía recurrir ante este Tribunal de la resolución fechada el 13 de enero de 1970 declarando sin lugar una tercera moción de desestimación. Esta es la resolución que se impugna en este recurso.

Se desprende de los anteriores hechos que los recurrentes no comparecieron al primer señalamiento. Tampoco compareció al segundo señalamiento el coacusado Valentín Vargas. El tercer señalamiento se suspendió por justa causa: sustitución por el Ministerio Público de un testigo de cargo que había fallecido. El cuarto señalamiento se suspendió con el consentimiento implícito de los recurrentes. Ellos estuvieron de acuerdo que para el tribunal poder resolver la moción de desestimación era necesario la transcripción de las vistas celebradas el 19 de septiembre de 1968, el 16 de diciembre de 1968 y el 4 de marzo de 1969, que ellos mismos habían solicitado. El quinto señalamiento fue suspendido sin objeción de los recurrentes para darle tiempo al tribunal a resolver. El sexto señalamiento se hizo para el 18 de septiembre, 79 días después del quinto. No se pudo llevar a cabo por estar el tribunal ocupado en la continuación de un juicio por jurado. El octavo señalamiento se suspendió a petición de los recurrentes y el noveno y último señalamiento también se suspendió a petición de los recurrentes.

310

██ Como puede verse, los recurrentes fueron responsables en gran medida de las múltiples suspensiones del juicio. En tanto en cuanto lo fueron, consintieron a la demora en la celebración del juicio. La única suspensión que en otras circunstancias pudo haber sido suficiente para sostener la moción de desestimación fue la del sexto señalamiento que, como apuntamos, no se pudo llevar a cabo por la congestión del calendario. Es cierto que la congestión del calendario no es justa causa para demorar el juicio, *Jiménez Román* v. *Tribunal Superior*, supra, pero como bien señala el Procurador General en su Informe, entre el quinto y séptimo señalamiento sólo transcurrieron 126 días de demora que no es irrazonable a la luz de la larga cadena de suspensiones notificadas por el acusado.

*Se anulará el auto expedido y se devolverá el caso al tribunal de instancia para procedimientos ulteriores consistentes con lo aquí expuesto.*

El Juez Presidente Señor Negrón Fernández no intervino, al igual que el Juez Asociado Señor Santana Becerra.