*1017 TEXTO COMPLETO DE LA SENTENCIA
El Pueblo de Puerto Rico, representado por el Procurador General, interesa la expedición de un auto de certiorari y revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Municipal de Caguas, mediante la cual se desestimaron, al amparo de la Regla 64 (n) (6) de las de Procedimiento Criminal, 34 L.P.R.A., Ap. II, R. 64, una pluralidad de denuncias sometidas contra el aquí recurrido, Carlos Raúl Vélez Dueño.
Por los fundamentos que más adelante habremos de exponer, expedimos el auto solicitado y revocamos la resolución en controversia.
I
El 12 y 18 de abril de 2000, el Ministerio Público denunció al peticionario por múltiples infracciones al Artículo 105 y Tentativa de Art. 103 del Código Penal de Puerto Rico. Las alegadas víctimas todos eran menores de edad. Fijadas las correspondientes fianzas, las mismas fueron prestadas y los casos señalados para vista preliminar, el 22 de mayo de 2000. Días previos a este señalamiento, es decir, el 16 de mayo, la representación legal del imputado sometió Mocion Solicitando Pliego de Especificaciones. Ese mismo día, el Tribunal le concedió dos días al Fiscal para que se expresara en tomo a los méritos tal asunto planteado.
Llegado el 22 de mayo, el Ministerio Público manifestó estar preparado para la celebración de la vista preliminar. Por su parte, la representación legal del imputado adujo que por razón del fiscal no haber contestado su moción Solicitando Pliego de Especificaciones, no se encontraba, preparado para la vista y en consecuencia solicitó la suspensión de la misma. Por estipulación de las partes, ésta quedó señalada para el 18 de agosto siguiente.
El 18 de agosto de 2000, la defensa nuevamente manifestó que no estaba preparada y ofreció la misma razón para no estarlo: el Fiscal no había contestado en Mocion Solicitando Pliego de Especificaciones. Al igual que en el señalamiento anterior, el Fiscal alegó estar preparado. Posteriormente, el Tribunal quedó convencido que la alegación del Fiscal resultó falsa, ya que no tema toda su prueba disponible. Ante este cuadro factico, el Tribunal optó por acceder a lo solicitado por la defensa y desestimó los cargos al amparo de la Regla 64(n) (6) de las de Procedimiento Criminal.
Oportunamente, el Ministerio Público solicitó la reconsideración del anterior dictamen y la defensa se opuso. En su moción, argüyó que basó su petitorio de desestimación de los cargos en la Regla 61 (d) y no en la 64 (n) (6). El 22 de septiembre de 2000, el Tribunal emitió una confusa resolución en la que consignó lo siguiente:

“Enterado, únase. Como se pide. ”

Así las cosas, el Ministerio Público presentó un escrito en el cual solicitaba del Tribunal aclarase el alcance de su resolución; es decir, si la desestimación fue en virtud de la 64(d) o de la 64(n). Finalmente, el 11 de octubre, el Tribunal emitió resolución donde expresa que aplicó el inciso (n) de la Regla 64 de Procedimiento Criminal.
*1018 Insatisfecho con el dictamen en cuestión, el Procurador General acude ante esta Curia procurando la expedición del auto de certiorari y la revocación de la resolución en controversia. Le asiste la razón.
II
La Regla 64 (n) (6) de Procedimiento Criminal provee para la desestimación de una denuncia presentada contra un imputado que se encuentra bajo fianza en ocasión de no haberse celebrado la vista preliminar dentro de los sesenta (60) días, contados éstos desde su arresto. El precepto estatutario que antecede tiene su fundamento en el derecho ajuicio rápido establecido en el Artículo II, Sección 10 de la Constitución del. Estado Libre Asociado de Puerto Rico.
No se infringe el derecho a juicio rápido cuando se demuestra justa causa para la demora o cuando ésta se deba a solicitud del acusado o éste haya prestado su consentimiento.
La determinación de si se violo o no el derecho a juicio rápido, no descansa "exclusivamente en una regla inflexible adherida a medidas de calendario que impida la ponderación de todos los intereses en juego. El enfoque es más bien de tipo pragmático y responde a la naturaleza inherente de la dinámica del derecha a juicio rápido. Es relativo, no absoluto. Juicio rápido no es un concepto incompatible con cierta tardanza, pero la demora no debe ser intencional ni opresiva". Pueblo v. Rivera Tirado, 111 D.P.R. 419, 433 (1986); Pueblo v. Rivera Marrero, 113 D.P.R. 642 (1982); Pueblo v. Cartagena Fuentes, _ D.P.R. _ (2000), 2000 J.T.S. 103, opinión de 11 de octubre de 2000; Pueblo v. Esquilín Maldonado, _ D.P.R. _ (2000), 2000 J.T.S. 164, opinión de 19 de octubre de 2000.
En Pueblo v. Rivera Tirado, supra, el Tribunal Supremo de Puerto Rico incorporó los cuatro criterios relevantes formulados por el Tribunal Supremo de Estado Unidos en Barker v. Wing o, 407 U.S. 514 (1972), al evaluar reclamaciones al derecho a juicio rápido de conformidad con la Sexta Enmienda de la Constitución Federal, a saber. (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado invocó su derecho a juicio rápido, y (4) el perjuicio resultante de la tardanza. Los criterios que anteceden están sujetos a un balance, pues ninguno de ellos es determinante al momento de resolver un reclamo de violación al derecho en controversia.
En Pueblo v. Rivera Arroyo, 120 D.P.R. 114 119 (1987), se consignó que:
‘Aun cuando en reiteradas ocasiones hemos reconocido que el derecho constitucional a un juicio rápido es fundamental, Pueblo v. Reyes Herrans, 105 D.P.R. 658 (1977); Pueblo v. Opio Opio, supra; Pueblo v. Arcelay Galán, 103 D.P.R. 409 (1974); Jiménez Román v. Tribunal Superior, 98 D.P.R. 874 (1970), hemos igualmente afirmado que no es absoluto. Pueblo v. Rivera Navarro, 113 D.P.R. 642, 644 (1982). Más bien, es un derecho que requiere tomar en cuenta las circunstancias que rodean cada reclamo del mismo. Pueblo v. Reyes Herrans, supra. Es por virtud de ello y del carácter relativo que le es inherente, Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1989), que hemos aceptado como constitucionalmente válidos el condicionamiento que impone la Regla 64 (n) de Procedimiento Criminal vigente, 34 L.P.R.A. Ap. II, al reclamo que al amparo de ella hayan los imputados o los acusados de delito, esto es:

1. Justa causa para la demora.

2. La demora se debe a la solicitud del acusado o a su consentimiento. ”

Al determinar si ha violado el derecho a juicio rápido, el Tribunal Supremo ha excluido del cómputo dilaciones atribuibles a: suspensiones promovidas por el propio acusado, Rabell Martínez v. Tribunal Superior, 101 D.P.R. 796 (1973); León v. Tribunal Superior, 99 D.P.R. 305 (1970), o con el consentimiento expreso del abogado defensor, Pueblo v. Tribunal Superior, 103 D.P.R. 732 (1975); la ausencia de un testigo esencial, Pueblo v. Arcelay Galán, 102 D.P.R. 102 D.P.R. 409 (1974); o el cambio en la dirección del aeusado cuando *1019 éste no le notifica al tribunal y eso impide su citación, Pueblo v. López Rodríguez, 118 D.P.R. 203 (1976). De otro modo, no se han excluido del plazo las dilaciones resultantes de la congestión de los calendarios judiciales, Jiménez Román v. Tribunal Superior, 98 D.P.R. 874 (1970), ni la demora intencional u opresiva, Pueblo v. Rivera Colón, 119 D.P.R. 315 (1987).
En Pueblo v. Santi Ortiz, 106 D.P.R. 67 (1977), y Pueblo en interés del menor R.G.G., 123 D.P.R. 443 (1989), se dispuso que la única obligación que la ley impone a un acusado para proteger su derecho a un juicio rápido consiste en presentar objeción cuando su juicio (o vista preliminar) ha sido fijada para una fecha posterior al período establecido por ley y entonces procede a presentar una mocion de desestimación, una vez dicho período haya expirado.
El Estado disponía de 60 días desde el arresto del imputado para la celebración de la vista preliminar. De la sucesión de eventos procesales, se desprende que el 12 y 18 de abril de 2000, le sometieron dos (2) grupos de denuncias al imputado y en dichas fechas se determinó causa probable para el arresto. Las correspondientes vistas preliminares quedaron señaladas para el 1 y 4 de mayo siguiente.
A petición de la defensa, todos los casos se consolidaron para el 22 de mayo de 2000. En esa fecha, la defensa manifestó que no estaba preparada y por estipulación de las partes se seleccionó el 18 de agosto para la celebración de las vistas preliminares. Es en ese nuevo señalamiento que se desestimaron los cargos. Resulta poco menos que evidente que las suspensiones fueron solicitadas por la defensa y que no ha transcurrido el término contemplado en la R. 64 (n) (6).
Alega la defensa que aunque es cierto que solicitó las suspensiones, ellas fueron provocadas por el Ministerio Público al no contestar el pliego de especificaciones.
Primeramente, hay que señalar que en ningún momento el Tribunal declaró con lugar la Moción Solicitando Pliego de Especificaciones presentada por la parte recurrida. El Tribunal se limitó a conceder dos (2) días laborables al Ministerio Público para que se expresara sobre lo solicitado en la aludida moción. Nada hay en el récord que nos indique, ni que el Fiscal cumplió con la Orden del Tribunal ni las diligencias o gestiones realizadas por la defensa entre los señalamientos con miras a obtener un contestación del Ministerio Fiscal. Lo anterior pudiera resultar en una discusión inoficiosa, al igual que la Orden original. Ello por razón de que en la etapa procesal en que se encontraban los casos, no era la adecuada para presentar una solicitud como la esbozada por la defensa. Véase Chiesa Aponte, Ernesto L., Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. Ill, a las págs. 211 a 233.
Finalmente y como última consideración, la noción juego limpio debe permear todo proceso judicial; más aún cuando hay por medio derechos libertarios. Conminamos a las partes, en especial al Fiscal, a hacer acopio de mesura sin dejar de ser enérgicos en sus reclamos y a adherirse a los Cánones de Etica. Cualquier comportamiento que se aparte de los mismos, deberá referirse a los foros correspondientes para que se adjudiquen responsabilidades.
Habida cuenta de lo precedentemente expuesto, se expide el auto de certiorari y se revoca la resolución mediante la cual se desestimaron los cargos por violación al derecho ajuicio rápido contemplado en la Regla 64 (n) (6) de las de Procedimiento Criminal. De otro modo, se devuelven los casos al Tribunal de Primera Instancia para la continuación de los procedimientos.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
*1020 ESCOLIOS 2001 DTA 79
1. Actos lascivos e impúdicos.
2. Sodomía.
3. En su escrito en Oposición a Expedición de Auto de Certiorari y Memorial en Apoyo, el recurrido aduce que el Fiscal Danny López mintió en este extremo, ya que el abogado del imputado verificó y la prueba del Ministerio Público no estaba completa.