TEXTO COMPLETO DE LA RESOLUCIÓN
Mediante recurso de Certiorari presentado el 13 de mayo de 2005 comparece el Procurador General en representación del Pueblo de Puerto Rico. Nos solicita la revisión de la Sentencia emitida por el TPI el 13 de abril *334 de 2005 notificada mediante Minuta transcrita el 27 de abril de 2005. La Sentencia recurrida desestimó las denuncias por violación al Artículo 5.06 de la Ley de Armas por haberse incumplido los términos de juicio rápido, Regla 64(n)(4) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, 64 (n) (5).
Por los fundamentos que exponemos a continuación, así como el derecho aplicable, expedimos el auto solicitado y revocamos la Sentencia recurrida.
I
Por hechos alegadamente ocurridos el 31 de diciembre de 2003 en el Municipio de Caguas, se presentaron sendas denuncias en contra de la señora Vanessa Acevedo Rodríguez (en lo sucesivo la recurrida) por infracción al Artículo 5.06 de la Ley de Armas de Puerto Rico, posesión de un arma de fuego sin licencia para ello. En esa misma fecha, se determinó causa probable para arresto contra la recurrida, que fue dejada en libertad sin fijación de fianza.
Aunque el delito imputado es uno de naturaleza menos grave, a la recurrida se le imputaron otros delitos graves por los mismos hechos. Por ello, se presentó Acusación y se pautó el Acto de Lectura de Acusación para el 1 de marzo de 2004. En el acto de lectura, se le concedió a la defensa de la recurrida, previo a solicitud de la misma, diez (10) días para alegar. Además, se pautó el juicio en su fondo para el 13 de mayo de 2004. El TPI apercibió a la recurrida que si no comparecía al mismo, el juicio podría verse en su ausencia.
A la vista en su fondo, compareció el Ministerio Fiscal, pero la recurrida no compareció. Por esta razón se ordenó su arresto con una fianza de quinientos dólares ($500.00) y señaló el juicio en su fondo para el 16 de junio de 2004. En dicha vista, el alguacil informó en sala que no se determinó causa probable para juicio contra la recurrida en la vista preliminar en cuanto a los delitos graves. 
El 16 de junio de 2004, compareció a la vista en su fondo el Ministerio Fiscal y la recurrida. Sin embargo, la representación legal de la acusada y los testigos de cargo no comparecieron. “En vista que Jos testigos no están presentes”, el TPI dispuso transferir la vista en su fondo para el 23 de agosto de 2004. El juicio en su fondo debió ser nuevamente suspendido por la incomparecencia de la representación legal de la recurrida y parte de la prueba de cargo. Además, el TPI ordenó la expedición de una citación para el testigo de cargo que no compareció y reseñaló el juicio para el 28 de septiembre de 2004.
El 28 de septiembre de 2004, el juicio fue suspendido debido a la incomparecencia de la representación legal de la recurrida y de uno de los testigos de cargo. El testigo de cargo Agte. Carlos Claudio compareció durante la mañana e infoimó que iba a estar en la fiscalía. El TPI pautó el juicio en su fondo para el 10 de noviembre de 2004. Ese día, la vista debió ser suspendida y señalada para el 13 de diciembre de 2004 porque la recurrida tenía conjuntivitis. Comparecieron a la misma los dos testigos de cargo Carlos Ocasio y el Agente Carlos Claudio. La representación legal de la recurrida tampoco compareció al juicio en su fondo. 
A la vista celebrada el 13 de diciembre de 2004 compareció el Ministerio Público, la recurrida y el testigo Agte. Carlos Claudio. No compareció la abogada de la recurrida. El testigo Carlos Ocasio llamó para explicar que no podía comparecer ese día porque tenía exámenes finales. Según surge de la Minuta, el TPI pautó el juicio en su fondo para el 24 de enero de 2005. La abogada de la recurrida compareció posteriormente, fuera de récord y fue notificada del reseñalamiento. 
El 24 de enero de 2005, comparecieron a la vista el Ministerio Público, la recurrida y su representación legal. No obstante, no comparecieron los testigos de cargo. Informó el alguacil que el Agte. Carlos Claudio venía de camino, que la citación del testigo Carlos Ocasio se expidió incorrectamente a nombre del Agte. Carlos Claudio y que el testigo Agte. Benjamín Diaz no trabajaba en el cuartel del Municipio de Cidra. El TPI señaló la vista en su fondo para el 7 de marzo de 2005 y ordenó citar, so pena de desacato, a los agentes Claudio y Díaz. 
*335 A la vista celebrada el 7 de marzo de 2005 comparecieron el Ministerio Fiscal, los testigos de cargo, agentes Carlos Claudio y Benjamín Diaz, la recurrida y su representación legal. No compareció el testigo de cargo Carlos Ocasio y el Ministerio Público informó que no estaba preparado por ese motivo. En esa vista, el Ministerio Fiscal manifestó que dicho testigo era esencial. El agente Benjamín Díaz informó que el testigo Carlos Ocasio no pudo ser localizado porque reside en el Municipio de Utuado. El TPI ordenó al Ministerio Público debía hacer las gestiones para citar a dicho testigo, toda vez en el expediente no había una dirección para citarle. Además, el TPI reseñaló el juicio para el 13 de abril de 2005 e indicó que ese era el último día para celebrarlo de acuerdo a los términos de juicio rápido. 
El 13 de abril de 2005 comparecieron al juicio el Ministerio Fiscal, la recurrida, su representación legal y los testigos de cargo, agentes Carlos Claudio y Benjamín Díaz. El Ministerio Fiscal se retractó de lo manifestado en la vista anterior e indicó que aunque no estaba presente el testigo Carlos Ocasio, estaba listo para el juicio porque dicho testigo no era esencial para probar el delito menos grave de posesión ilegal de un arma de fuego. El TPI manifestó que la vista anterior se había suspendido porque el Ministerio Fiscal había expresado no estar preparado ante la ausencia del testigo Carlos Ocasio. Añadió que había advertido al Ministerio Público que si dicho testigo no se presentaba desestimaría la acusación. Además, le recordó al Ministerio Público que le había ordenado hacer las gestiones para localizar al testigo Carlos Ocasio, cuya dirección no figuraba en el récord y que tampoco constaba las gestiones realizadas por el Ministerio para localizar a ese testigo. El TPI desestimó la acusación que pesaba en contra de la recurrida al amparo de la Regla 64(N)(4). La Fiscalía solicitó reconsideración en sala y la misma fue declarada No Ha Lugar.
Inconforme, el Pueblo de Puerto Rico, representado por el Procurador General, recurre oportunamente ante nos señalando que:

“Erró el Tribunal de Primera Instancia al desestimar la acusación al amparo de la Regla 64(N)(4) de Procedimiento Criminal a pesar de que no había expirado aún el término de 120 días para el juicio y el Ministerio Público estaba preparado para ver el caso por el delito de poseer ilegalmente un arma de fuego tipificado en el Artículo 5.06 de la Ley de Armas. ”

La recurrida presentó escrito titulado “Contestación a Petición’'' señalamiento de error, según ordenado por este Tribunal. expresándose en torno al precitado
II
El derecho a juicio rápido y público emana del Artículo II, sección 11 de la Constitución del Estado Libre Asociado de Puerto Rico, la cual dispone que “[e]n todos los procesos criminales, el acusado disfrutará del derecho a un juicio rápido y público....”. 1 L.P.R.A. Art. II, §11. Véase además, Pueblo v. Cartagena Fuentes, 152 D.P.R. 243 (2000); Pueblo v. Candelaria, 148 D.P.R. 591 (1999); Pueblo v. Miró González, 133 D.P.R. 813 (1993); Pueblo v. Rivera Tirado, 117 D.P.R. 419 (1986).
A tenor con este mandato constitucional, el alcance de dicho precepto está específicamente delimitado por las disposiciones de la Regla 64(n) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64. Dicha Regla dispone los términos que rigen las etapas entre el arresto del imputado hasta el momento de su juicio. Según la Regla 64 (n)(4), una acusación o denuncia puede ser desestimada si “el acusado no fue sometido a juicio dentro de los ciento veinte (120) días siguientes a la presentación de la acusación o denuncia.” Es decir, todo imputado puede solicitar la desestimación del pliego acusatorio o de la denuncia si no ha sido sometido a juicio dentro del referido término.
A pesar de su carácter fundamental, el derecho a juicio rápido es un derecho relativo y no absoluto. El Tribunal Supremo de Puerto Rico ha interpretado el derecho a juicio rápido como uno cuyo contenido no está del todo determinado, y que es, en parte, variable y flexible. Pueblo v. Valdés Medina, 155 D.P.R. _ (2001), 2001 *336 J.T.S. 170; Pueblo v. Arcelay Galán, 102 D.P.R. 409 (1974). Su cómputo, en palabras de nuestro Tribunal Supremo, “evade la tiesa aritmética de la regla”, Pueblo v. Candelaria, ante. Ello es así, ya que el concepto es uno relativo, que pretende salvaguardar tanto el orden público como la libertad individual. Tal y como expresara el Tribunal Supremo, “[el derecho a juicio rápido] garantiza los derechos del acusado, pero no excluye los derechos de la justicia pública. ” Pueblo v. González Rivera, 132 D.P.R. 517 (1993).
De igual forma, reiteradamente el Tribunal Supremo de Puerto Rico ha establecido que el derecho en cuestión se activa desde el momento en que el imputado está sujeto a responder {“held to answer”), ya sea porque fue aixestado o porque de alguna forma se pone en movimiento el mecanismo procesal que lo expone a una convicción. Pueblo v. Valdés Medina, supra, a la pág. 517; Pueblo v. Miró González, 133 D.P.R. 813, 818 (1993). Una vez el derecho cobra vigencia, la Regla 64(n) de Procedimiento Criminal, supra, provee para la desestimación de los cargos si el Ministerio Público no cumple con los distintos términos de rápido enjuiciamiento. No obstante, dichos términos no son fatales, pudiendo extenderse los mismos, bien sea por justa causa, por demora atribuible al acusado o si éste consiente a ella.
En Pueblo v. Rivera Tirado, supra, a la pág. 432, el Tribunal Supremo de Puerto Rico adoptó los criterios formulados por el Tribunal Supremo de los Estados Unidos en Barker v. Wingo, 407 U.S. 514 (1972), para evaluar alegadas violaciones al derecho a juicio rápido bajo la Constitución Federal. Así pues, los tribunales evaluarán la razonabilidad de la dilación a base de cuatro (4) criterios, a saber: 1) duración de la tardanza; 2) razones para la dilación; 3) invocación oportuna del derecho; y 4) el perjuicio resultante de la tardanza. Véase además, Pueblo v. Candelaria Vargas, 148 D.P.R. 591 (1999). Si a base de ese análisis el tribunal entiende que la tardanza no es justificada, procede la desestimación de los cargos al amparo de la Regla 64(n) de Procedimiento Criminal.
No obstante, ninguno de estos factores es determinante y todos están sujetos al balance de los intereses a la luz de la totalidad de las circunstancias de cada caso. Véase Pueblo v. Valdés Medina, ante; Pueblo v. Santana Cruz, ante; Pueblo v. Rivera Tirado, ante. Así, pues, levantado oportunamente el reclamo al derecho a juicio rápido, el Ministerio Público tendrá que demostrar la existencia de justa causa para dicha demora, o la renuncia expresa, voluntaria e inteligente por parte del imputado, o que fue el imputado mismo el que ocasionó la tardanza. Véase Pueblo v. Valdés Medina, ante. De igual forma, “[pjara que el motivo de una demora constituya justa causa debe estar enmarcado dentro de parámetros de razonabilidad. ’’ Ibíd.
De igual forma, el Tribunal Supremo ha emprendido el análisis de los motivos que impulsan al incumplimiento de los términos mediante el establecimiento de diferencias entre éstos con relación al rigor con el cual evaluarlos. Así, pues, distingue entre las “tardanzas institucionales” y las “demoras intencionales y opresivas”. Véase Pueblo v. Candelaria, ante; Pueblo v. Rivera Colón, 119 D.P.R. 315 (1987). Por un lado, las demoras intencionales y opresivas no constituyen justa causa para el incumplimiento del término. Mientras que las tardanzas institucionales, “que, de ordinario, son imputables al Estado, y las cuales no tienen deforma alguna el propósito de perjudicar a la persona imputada o acusada, serán tratadas con menos rigurosidad que las intencionales, cuyo fin es entorpecer la defensa del acusado.” Pueblo v. Valdés Medina, ante. Sin embargo, el mero hecho de que estas tardanzas institucionales, no intencionales, reciban un trato más laxo, no necesariamente significa que sea justificable la inobservancia de los términos estatuidos para el juicio rápido. Véase Pueblo v. Valdés Medina, ante. Así lo resolvió el Tribunal Supremo de Puerto Rico en Jiménez Román v. Tribunal Superior, 98 D.P.R. 874 (1970), al expresar- específicamente que la congestión del calendario del tribunal, por sí sola, no constituye justa causa para la demora en la celebración de un juicio. Algún tiempo después, en Pueblo v. Rivera Tirado, supra, a la págs. 436-37, reiteró lo dispuesto en Jiménez Román v. Tribunal Superior, ante. En dicha ocasión, resolvió que el derecho a juicio rápido “no puede ser menoscabado por razones tales como insuficiencia de recursos humanos y presupuestarios. Ambos problemas exigen atención de las autoridades correspondientes. La asignación de recursos adecuados a todos los componentes que intervienen en el sistema de justicia criminal es obligación ineludible del Estado.”
*337 Al determinar si se ha violado el derecho a juicio rápido, el Tribunal Supremo ha excluido del cómputo dilaciones atribuibles a: suspensiones promovidas por el propio acusado, Rabell Martínez v. Tribunal Superior, 101 D.P.R. 796 (1973); León v. Tribunal Superior, 99 D.P.R. 305 (1970), o con el consentimiento expreso del abogado defensor, Pueblo v. Tribunal Superior, 103 D.P.R. 732(1975); la ausencia de un testigo esencial, Pueblo v. Arcelay Galán, 102 D.P.R. 409 (1974); o el cambio en la dirección del acusado cuando éste no le notifica al tribunal, y eso impide su citación, Pueblo v. López Rodríguez, 118 D.P.R. 203 (1976). De otro modo, no se han excluido del plazo las dilaciones resultantes de la congestión de los calendarios judiciales, Jiménez Román v. Tribunal Superior, 98 D.P.R. 874(1970), ni la demora intencional u opresiva, Pueblo v. Rivera Colón, 119 D.P.R. 315 (1987). Por ejemplo, cuando la suspensión de la vista preliminar, o del juicio, es por justa causa o por causa atribuible al imputado, los términos de juicio rápido comienzan, nuevamente, a discurrir desde la fecha en que estuvieran las vistas señaladas. Pueblo v. Valdés Medina, ante.
III
Nos corresponde analizar la actuación del TPI al desestimar la acusación en contra de la recurrida por estimar que se violó el término de ciento veinte (120) días de juicio rápido. El Procurador General alega que la desestimación era improcedente porque no había transcurrido dicho término, debido a que una de las posposiciones del juicio es atribuible a la incomparecencia de la recurrida (13 de mayo de 2004); varias de las posposiciones posteriores son atribuibles simultáneamente a la incomparecencia de representación legal de la recurrente y de parte de los testigos de cargo; la suspensión de la vista celebrada el 10 de noviembre de 2004 se debió a la enfermedad de la recurrida y la vista celebrada el 13 de diciembre de 2004 se suspendió, debido a la incomparecencia de la representante legal de la recurrida.
Por su parte, la recurrida sostiene que no pueden atribuírsele a la defensa ninguna de las suspensiones, que el Ministerio Fiscal nunca estuvo preparado. Añade que el 7 de marzo de 2005 solicitó la desestimación del cargo en su contra y que el propio Ministerio Fiscal informó que necesitaba al testigo Carlos Ocasio.
De conformidad con la doctrina antes esbozada, nos sorprende que se alegue violación al derecho a juicio rápido cuando varias de las suspensiones se debieron a causas atribuibles al abogado del acusado. A partir de dichos señalamientos comenzaron a decursar nuevamente el término de los ciento veinte (120) días consignados en la Regla 64(n)(4). Siendo ello así, a partir de la vista celebrada el 13 de diciembre de 2004 comenzó a decursar un nuevo término de juicio rápido que vencía el 12 de abril de 2005. Sin embargo, la vista pautada para el 7 de marzo de 2005 se suspendió porque el Ministerio Fiscal entendió que el testigo ausente era uno esencial, sin serlo. Aunque esa suspensión se le atribuye al Pueblo, de la lectura de las Minutas de las vistas no surge que la recurrida haya expresado oposición a las posposiciones de las vistas. Aunque alega que se opuso a la posposición de la vista el 7 de marzo de 2005, de la lectura de la Minuta de dicha vista no surge que así lo hiciera o que pidiera corrección de la misma. Tampoco existe evidencia de que la dilación ocasionó peijuicios a los derechos de la recurrida. No detectamos violación al derecho ajuicio rápido de la recurrida.
IV
Por los fundamentos que anteceden, expedimos el auto de certiorari solicitado y revocamos la Sentencia recurrida.
Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones